PRESENT:  All the Justices

BRADLEY WILLIAM MCGHEE

OPINION BY
v.  Record No. 091274          JUSTICE WILLIAM C. MIMS
                                        November 4, 2010

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal we review a conviction for possession of cocaine with the intent to distribute.  We consider whether police officers had probable cause to arrest appellant Bradley William McGhee ("McGhee") for violating Code § 18.2-388 (public intoxication) and whether the officers conducted a valid search of McGhee's vehicle.

McGhee was convicted in a jury trial in the Circuit Court for the City of Danville of public intoxication and possession of cocaine with intent to distribute.  He was sentenced to a $250 fine for public intoxication and to 10 years imprisonment and a $5000 fine for possession with intent to distribute.

McGhee appealed his convictions to the Court of Appeals.  He argued that there was no probable cause to arrest him for public intoxication and the vehicle search violated his Fourth Amendment rights.  The Court of Appeals denied McGhee's petition, holding that there was probable cause and the vehicle search was a valid search incident to arrest.  We awarded McGhee an appeal.

We will state the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court.[1] Jones v. Commonwealth, 279 Va. 52, 55, 688 S.E.2d 269, 270 (2010). On the evening of December 18, 2007, Officer Karen Dalton of the Danville Police Department was on patrol. At 11:15 p.m. she observed two vehicles parked beside a restaurant. The headlights of one vehicle were on and its brake lights glowing. A person subsequently identified as McGhee was visible in the driver's seat. After learning that the restaurant had closed at 9:30 p.m., she exited her cruiser and approached the vehicle. She then saw a female passenger lift her head out of McGhee's lap. As she reached the vehicle, McGhee held his license and the vehicle's registration out the window.

Officer Dalton testified that as she spoke with McGhee "[t]here was a very strong odor of alcohol coming from his breath. Slurred speech and his eyes were very bloodshot."

Officer Dalton returned to her patrol car to process McGhee's license and registration information. As she was doing so, other officers arrived. She then approached McGhee again and informed him he was under arrest for public intoxication. McGhee refused to exit the vehicle and became

---

[1] These facts are taken from the hearing on the motion to suppress.

2

"[v]ery belligerent" and "[v]ery loud, yelling, screaming." As officers extracted him from the vehicle and subdued him, McGhee threatened repeatedly that he had a gun. Officer Dalton patted him down but did not discover a firearm. She then searched "just the area of where he was sitting" in the vehicle.[2]

Behind the driver's seat she found a small torn piece of plastic that she identified as packaging for crack cocaine. Over the visor of the driver's seat she found a neatly folded five-dollar bill, which field-tested positive for cocaine. Thereafter, she recovered a tissue that contained a large amount of cocaine from the glove box, and she recovered a book bag that contained a large amount of cocaine, digital scales, batteries, a box of plastic sandwich bags, scissors, and baking soda from the back seat.

After performing the search, Officer Dalton filled out an inventory towing report. She testified it was the policy of Danville police to fill out an inventory report when a car was left unattended by virtue of taking a person into custody.

McGhee filed a motion to suppress in which he asserted that Officer Dalton lacked probable cause to arrest and the inventory search was not consistent with police procedure.

---

[2] The passenger in McGhee's vehicle was not in custody. Based upon McGhee's threats, Officer Dalton could not know whether there was a firearm in the passenger compartment accessible to the passenger.

Following a hearing, the trial court denied the motion.  The trial court did not rule on the inventory search, since it held that the search was a valid search incident to arrest.  McGhee did not object to this ruling contemporaneously or by noting an objection to the order denying his motion to suppress.

ANALYSIS

McGhee now argues that the trial court erred in denying the motion to suppress the evidence because there was no probable cause for the arrest and because the search of the vehicle was invalid under both the inventory and search incident to arrest exceptions to the Fourth Amendment warrant requirement.

We previously have explained the standard of review for rulings denying a motion to suppress for violation of a person's Fourth Amendment rights:

> The burden is on the defendant to show that the trial court committed reversible error.  We are bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence.  We will review the trial court's application of the law de novo.

Whitehead v. Commonwealth, 278 Va. 300, 306-07, 683 S.E.2d 299, 301 (2009) (quoting Malbrough v. Commonwealth, 275 Va. 163, 168-69, 655 S.E.2d 1, 3 (2008)).

A.  PROBABLE CAUSE FOR ARREST

4

The Fourth Amendment guarantees, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In Virginia, a police officer may arrest a person without a warrant if the officer has probable cause to believe he committed a crime in the officer's presence. Code § 19.2-81(B).

We have explained that "probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." Jones, 279 Va. at 59, 688 S.E.2d at 273 (internal quotation marks omitted).

Code § 18.2-388 states, in relevant part, that "[i]f any person . . . is intoxicated in public . . . he shall be deemed guilty of a Class 4 misdemeanor." Code § 4.1-100 defines "intoxicated" as "a condition in which a person has drunk enough alcoholic beverages to observably affect his manner, disposition, speech, muscular movement, general appearance or behavior."

This Court has held that "mere odor of alcohol on one's breath" is insufficient as a matter of law to prove intoxication. Hill v. Lee, 209 Va. 569, 572, 166 S.E.2d 274,

5

276 (1969).  However, "the odor of alcohol on a person's breath coupled with other circumstances, such as those indicated in the language of the statute [predecessor to Code § 4.1-100], will be sufficient to support a finding of intoxication."  Id.

Relying on United States v. Brown, 401 F.3d 588 (4th Cir. 2005), McGhee argues that Officer Dalton lacked probable cause to arrest him for being intoxicated in public because he was not visibly impaired.  In that case, the United States Court of Appeals for the Fourth Circuit held that Virginia law requires evidence of physical impairment to establish probable cause. Id. at 597-98.

Assuming without deciding that Code § 18.2-388 requires physical impairment, Officer Dalton in fact observed signs of physical impairment in McGhee.  In addition to the strong odor of alcohol coming from his breath and his very bloodshot eyes, McGhee exhibited slurred speech as he talked with her. Consequently, Officer Dalton had probable cause to believe that McGhee had consumed enough alcohol to visibly affect his "manner, disposition, speech, muscular movement, general appearance or behavior."  Code § 4.1-100.

## B. SEARCH OF VEHICLE

McGhee argued to the trial court that the search of his vehicle was an improper inventory search.  He did not assert the alleged invalidity of a search incident to arrest at that

time.  However, both the trial court and the Court of Appeals declined to rule on the inventory search argument.  Rather, both ruled the search was a valid search incident to arrest.

On appeal, McGhee argues that under Arizona v. Gant, 556 U.S. ___, 129 S.Ct. 1710 (2009), published after his conviction, the search was not within the search incident to arrest exception to the warrant requirement.  We recognize that under Gant vehicular searches incident to arrest are limited to situations where the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search, or where it is " 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.' "Id. at ___, 129 S.Ct. at 1719 (quoting Thornton v. United States, 541 U.S. 615, 632 (2004)).

However, we need not apply the holding in Gant because McGhee did not challenge the search incident to arrest in the trial court.[3]  The Commonwealth concedes that the Gant decision

---

[3] McGhee did not set forth this argument as a ground in his written suppression motion.  See Code § 19.2-266.2.  While a trial court may, for good cause shown and in the interests of justice, grant leave for a defendant to amend a motion to suppress, Wilson v. Commonwealth, 220 Va. 26, 32, 255 S.E.2d 464, 469 (1979); Schmitt v. Commonwealth, 262 Va. 127, 145-46, 547 S.E. 2d 186, 199 (2001), McGhee did not request leave to amend.  Likewise he did not object to the trial court's ruling, either contemporaneously or when the order denying his motion to suppress was entered.
McGhee first asserted the invalidity of the search incident to arrest based on Gant in his November 24, 2008

applies retroactively "to all convictions that were not yet final at the time the decision was rendered." United States v. Johnson, 457 U.S. 537, 562 (1982). However, McGhee cannot invoke Gant on appeal when he did not object to the search incident to arrest below. Rule 5:25; Commonwealth v. Jerman, 263 Va. 88, 94, 556 S.E.2d 754, 757 (2002) ("The perceived futility of an objection does not excuse a defendant's procedural default at trial.").

The holding of the Court of Appeals, that the passenger compartment search was justified as incident to arrest, was correct when it was rendered. At that time, prior to the Gant decision, the only two requirements for a valid search incident to arrest of the passenger compartment of a vehicle were: "(1) whether the defendant was the subject of a lawful custodial arrest; and (2) whether the arrestee was the occupant of the vehicle that was searched." Glasco v. Commonwealth, 257 Va. 433, 438, 513 S.E.2d 137, 140 (1999). See also Thornton v. United States, 541 U.S. 615, 623 (2004).

As discussed above, McGhee "was the occupant of the vehicle that was searched," 257 Va. at 438, 513 S.E.2d at 140, and was the subject of a lawful custodial arrest for public

petition to the Court of Appeals. He explained that the Supreme Court of the United States had heard argument in Gant in October 2008, but had not yet published its decision. The case was decided April 21, 2009.

8

intoxication. Therefore we find that the trial court and the Court of Appeals properly applied then existing law. Officer Dalton's search of McGhee's vehicle was a proper search incident to arrest, as McGhee was in custody and was an occupant of the vehicle.[4] See id.

We therefore will affirm the judgment of the Court of Appeals.

Affirmed.

---

[4] Because we find that the search incident to arrest was valid under then existing law, we need not consider McGhee's challenge to the inventory search of his vehicle. See Air Courier Conference v. American Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring) (faithful adherence to the doctrine of judicial restraint warrants decision of cases "on the best and narrowest ground available").