COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Huff
Argued at Chesapeake, Virginia

UNPUBLISHED

MARQUICE BYNUM

MEMORANDUM OPINION[*] BY
v.        Record No. 0273-12-1                          JUDGE GLEN A. HUFF
                                                        DECEMBER 18, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Carl E. Eason, Jr., Judge

Jennifer Walsh, Deputy Public Defender (Office of the Public
Defender, on brief), for appellant.

Benjamin H. Katz, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Marquice Bynum ("appellant") appeals his conviction of possession of cocaine with the

intent to distribute, in violation of Code § 18.2-248.  Following a bench trial in the Circuit Court

of Southampton County ("trial court"), appellant was sentenced to six years in prison, with three

years suspended.  On appeal, appellant contends the trial court erred in denying his motion to

suppress on the basis that there was no probable cause to arrest him for obstruction of justice.

For the following reasons, we affirm the judgment of the trial court.

I.  BACKGROUND

"Upon appeal from a trial court's ruling on a motion to suppress, we must view the

evidence in the light most favorable to the prevailing party, . . . granting to it all reasonable

inferences fairly deducible from the evidence."  Commonwealth v. Spencer, 21 Va. App. 156,

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

159, 462 S.E.2d 899, 901 (1995) (citing Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991)).  So viewed, the evidence is as follows.

On the morning of March 11, 2011, Corporal J.B. Butts ("Butts") and Sergeant Cornell, officers with the City of Franklin Police Department, conducted a bicycle patrol around Franklin.  During their patrol, the officers passed by the corner of Pretlow Street and South Street, which they knew to be a high drug-trafficking area and the site of numerous shootings and burglaries.  At the intersection, Butts and Cornell observed two men talking and making gestures toward each other.  Dismounting from their bicycles, the officers approached the men and asked to speak to them.  One of the men appeared calm; the other man, later identified as appellant, immediately began backing away from the officers, then turned and ran.  As he did so, appellant took off his coat and discarded it onto the public street.

Butts pursued appellant, who ran approximately twenty-five to thirty feet before he tripped and fell.  At that point, Butts took appellant into custody.  In conducting a search incident to the arrest, Butts found thirty-seven individually wrapped bags of cocaine, one $50 bill, and four $1 bills in appellant's pockets.  Thereafter, appellant was charged with possession of cocaine with the intent to distribute.[1]

In a suppression hearing on November 3, 2011, Butts testified that he arrested appellant for obstruction of justice.  At the conclusion of the evidence pertaining to the motion to suppress, counsel for appellant argued that the seizure was illegal because the circumstances of the encounter were insufficient to give a reasonable officer probable cause to believe appellant was obstructing justice.  In response, the Commonwealth asserted that there was probable cause for the arrest because appellant committed a misdemeanor littering offense, in violation of Code § 33.1-346,

---

[1] Appellant was also charged with obstruction of justice, which was dismissed in the general district court.  In stating its findings, the trial court noted that the subsequent dismissal of the obstruction charge had no bearing on whether the arrest itself was lawful.

directly in front of Butts.  The trial court denied the motion to suppress.  Appellant entered a

conditional guilty plea, and the trial court convicted appellant of possession of cocaine with the

intent to distribute.  This appeal followed.

## II.  STANDARD OF REVIEW

"[O]n appeal, appellant carries the burden to show, considering the evidence in the light

most favorable to the Commonwealth, that the denial of a motion to suppress constitutes

reversible error."  Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233

(1993) (citation omitted).  "'Though the ultimate question whether the officers violated the

Fourth Amendment triggers *de novo* scrutiny, we defer to the trial court's findings of historical

fact and give due weight to the inferences drawn from those facts by resident judges and local

law enforcement officers.'"  Slayton v. Commonwealth, 41 Va. App. 101, 105, 582 S.E.2d 448,

449-50 (2003) (quoting Barkley v. Commonwealth, 39 Va. App. 682, 689-90, 576 S.E.2d 234,

237-38 (2003)).  "Thus, we must give 'deference to the factual findings of the trial court' and

'independently determine' whether those findings satisfy the requirements of the Fourth

Amendment."  Id. at 105, 582 S.E.2d at 450 (quoting Whitfield v. Commonwealth, 265 Va. 358,

361, 576 S.E.2d 463, 464 (2003)).

## III.  ANALYSIS

On appeal, appellant contends that the trial court erred in denying his motion to suppress

on the basis that Butts lacked probable cause to arrest him for obstruction of justice.  In response,

the Commonwealth asserts that appellant committed a littering offense, in violation of

Code § 33.1-346, in Butts's presence prior to being seized; thus, Butts had probable cause to

arrest appellant and conduct a search incident to the arrest.[2]

---

[2] Code § 33.1-346 provides, in relevant part:

It shall be unlawful for any person to dump or otherwise dispose of
trash, garbage, refuse, litter, . . . or other unsightly matter, on

- 3 -

"The Fourth Amendment guarantees, in relevant part, '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" McGhee v. Commonwealth, 280 Va. 620, 624, 701 S.E.2d 58, 59-60 (2010) (alteration in original) (quoting U.S. Const. amend. IV). "In Virginia, a police officer may arrest a person without a warrant if the officer has probable cause to believe he committed a crime in the officer's presence." Id. at 624, 701 S.E.2d at 60 (citation omitted).

"'Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonabl[y] trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense had been or is being committed.'" Slayton, 41 Va. App. at 106, 582 S.E.2d at 450 (quoting Purdie v. Commonwealth, 36 Va. App. 178, 185, 549 S.E.2d 33, 37 (2001)). "A police officer's 'action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed *objectively*, justify [the] action.'" Thomas v. Commonwealth, 57 Va. App. 267, 273, 701 S.E.2d 87, 90 (2010) (alteration in original) (quoting Brigham City v. Stuart, 547 U.S. 398, 404 (2006)).

> Thus, faced with a suppression motion, a court should not limit itself "to what the stopping officer says or to evidence of his subjective rationale," Raab v. Commonwealth, 50 Va. App. 577, 583 n.2, 652 S.E.2d 144, 148 n.2 (2007) (en banc), but instead should make "an objective assessment of the officer's actions in light of the facts and circumstances confronting [them] at the time,

---

> public property, including a public highway, right-of-way, property adjacent to such highway or right-of-way, or on private property without the written consent of the owner thereof or his agent.
>
> \* \* \* \* \* \* \*
>
> Any person convicted of a violation of this section shall be guilty of a misdemeanor punishable by confinement in jail for not more than 12 months and a fine of not less than $250 or more than $2,500, either or both.

and not on the officer's actual state of mind at the time the challenged action was taken."

Id. at 274, 701 S.E.2d at 90-91 (alteration in original) (quoting Maryland v. Macon, 472 U.S. 463, 470-71 (1985)).

Applying these principles to the present case, Butts had probable cause to arrest appellant at the point where appellant dropped his coat in the street. While Butts testified that he arrested appellant based on his belief that appellant had committed obstruction of justice, we are not limited to considering Butts's subjective motivation for the arrest. In assessing the circumstances of the encounter objectively, a reasonable officer could have found probable cause to believe that appellant committed a misdemeanor littering offense in the officer's presence. Thus, the circumstances reasonably permitted Butts to arrest appellant based on the commission of that offense. Accordingly, we hold that the trial court did not err in denying the motion to suppress the cocaine recovered from the search incident to appellant's arrest.

IV. CONCLUSION

For the foregoing reasons, we hold that the trial court did not err in denying the motion to suppress, and thus affirm the judgment of the trial court.

Affirmed.