COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges AtLee, Chaney and Lorish
Argued at Lexington, Virginia


SAMUEL MARVIN KUYKENDALL

OPINION BY
v.        Record No. 0577-24-3        JUDGE VERNIDA R. CHANEY
JUNE 10, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WYTHE COUNTY
Josiah T. Showalter, Jr., Judge

Samantha Offutt Thames, Senior Appellate Attorney (Virginia
Indigent Defense Commission, on briefs), for appellant.

Sheri H. Kelly, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Samuel Marvin Kuykendall challenges the circuit court's judgment that revoked his

suspended sentence, imposed one year and three months of active incarceration, and reimposed

supervised probation.  Kuykendall asserts that he only violated technical conditions of probation, so

the circuit court was limited to imposing 14 days to serve.  Kuykendall violated at least one

non-technical condition—failure to attend court-ordered substance abuse counseling—thus, the

circuit court did not err in imposing more than 14 days of incarceration.  However, at sentencing,

the court also reimposed a probation condition almost completely restricting Kuykendall's internet

use.  Because the record does not support this near-total ban, we find that it violates the First

Amendment.  This Court, therefore, affirms in part, reverses in part, and remands for resentencing.

BACKGROUND[1]

In 2010, Kuykendall was convicted of aggravated sexual battery arising from his sexual abuse of a ten-year-old child, and failure to appear. For aggravated sexual battery, he was sentenced to 20 years of incarceration, with 5 years and 1 month suspended. For the failure to appear, Kuykendall was sentenced to one year of incarceration, to run concurrently with the aggravated sexual battery sentence. The court conditioned the suspended sentence on Kuykendall's good behavior and successful completion of five years' supervised probation:

> **Supervised probation.** The defendant is placed on probation to commence upon release from incarceration under the supervision of a Probation Officer for 5 YEARS, or unless sooner released by the court or by the Probation Officer. The defendant shall comply with all the rules and requirements set by the Probation Officer. Probation shall include substance abuse counseling and/or testing as prescribed by the Probation Officer.

On December 27, 2022, Kuykendall was released from active incarceration and began supervised probation. On January 6, 2023, he was charged with two felony counts of failure to register as a sex offender. Kuykendall pleaded guilty to these charges.

Kuykendall's probation officer required him to comply with "Sex Offender Special Instructions." Among other things, those conditions banned Kuykendall from using "any form of social networking, including but not limited to Facebook, Instagram, etc." Kuykendall also needed to "obtain prior approval from" his probation officer "to utilize internet services." If his probation officer granted permission, Kuykendall needed to "install monitoring software" on his computer, list

---

[1] "We recite the facts 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Pereira v. Commonwealth*, 83 Va. App. 431, 438 n.3 (2025) (quoting *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)). Doing so requires this Court to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Id.* (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

his probation officer as his "accountability partner," and "register any electronic address, screen name and webpage with the Virginia State Police."

Starting January 10, 2023, Kuykendall's probation officers filed major violation reports (MVRs) alleging multiple probation violations.[2] On August 9, 2023, the circuit court found that Kuykendall violated his probation for aggravated sexual battery and imposed three months of his suspended sentence and resuspended the remaining four years and ten months. The circuit court stated that "upon release from confinement, the defendant shall be continued on probation on the same terms and conditions as contained in the previous sentencing order." Kuykendall was released from incarceration on September 27, 2023.

On December 26, 2023, probation officer Julie Mills filed an MVR stating Kuykendall had "failed to make a satisfactory adjustment" to active supervised probation. Kuykendall violated Instruction 6 of the Sex Offender Special Instructions ("You will not use any form of social networking, including but not limited to Facebook, Instagram, etc.") by maintaining an active Facebook account. He also failed to obtain Mills's approval to use the internet and used the internet without installing the required monitoring software. Finally, Kuykendall failed to report to Mount Rogers Community Services for substance abuse evaluation and treatment as the sentencing order required. Mills testified to these violations at Kuykendall's revocation hearing.

Kuykendall testified in his own defense. He stated that he obtained employment and housing shortly after his release from incarceration in September 2023. He admitted that he had

---

[2] Along with the sex offender condition violations, Kuykendall's probation officers cited him for three other probation violations in two MVRs and an addendum: failure to follow the instructions of his probation officer, substance use, and alcohol use. Kuykendall asserts that all these violations are technical as well. Because we find that Kuykendall's failure to attend substance abuse counseling constitutes a violation of a non-technical condition of probation, we do not address whether the other conditions of probation were properly designated as technical. *See Commonwealth v. Swann*, 290 Va. 194, 196 (2015) ("The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010))).

internet access and that he registered his Facebook account but denied using it. Kuykendall insisted

that he only used the internet to search for a job when he first got out, for which he had approval.

He also admitted that he did not attend the treatment evaluation at Mount Rogers but testified that it

was because he did not have a car and "was working so much . . . to get [his] bills paid."

Kuykendall argued that the circuit court should find that he committed only a first

technical probation violation. He contended that the sex offender conditions were not "special

conditions" since they were not included in any of the court's orders. He further maintained that

his failure to comply with substance abuse treatment constituted a technical violation for not

following his probation officer's instructions, noting that the court's orders required the

treatment to be completed "as directed by the probation officer."

Kuykendall asked the court to find that limiting his internet and social media use violated

his federal and state constitutional rights to freedom of speech. The circuit court found that

Kuykendall had violated "special conditions" of his probation and concluded that the restriction

on his internet access was constitutional, as he could still access it with his probation officer's

permission. The circuit court specifically held that Kuykendall violated his internet conditions

and that those conditions did not violate the First Amendment. However, the circuit court

merely reimposed the same prior internet restrictions without taking any evidence on why the

(now-objected-to) restrictions were necessary or pointing to any basis in the record for the same:

> Based upon [the 2010 conviction], and with that being said, the
> first is that you were not [to] have type [sic] of network and if you
> were to have any type of network of social media it would have to
> be approved by your probation officer. And the Court will find for
> the record that it did not violate your First Amendment right.
> Given the nature of your offense, but also you would be allowed to
> have the internet if it were approved by your officer, your
> probation officer and if you installed the rapid-eye special
> programs which you did not.

- 4 -

The circuit court revoked the unserved portion of Kuykendall's sentences and resuspended all but one year and three months. Kuykendall appeals.

ANALYSIS

On appeal, Kuykendall argues that he should not have received an active sentence of more than 14 days—the statutory limit that applies for a second technical violation. In his view, the circuit court "deferred the control and delegation of his supervision entirely to the probation officer," and each of his violations amounts to merely failing to comply with his probation officer's instructions. This Court finds that Kuykendall's failure to attend substance abuse counseling constitutes a violation of at least one non-technical condition of probation, so there was no error in imposing a sentence of more than 14 days of incarceration.

Kuykendall also asserts that the court's imposition of a probation condition restricting his internet use as part of that sentence violated his "First Amendment rights"[3] because that restriction is not narrowly tailored to either effectuate his rehabilitation or a "public-safety purpose." We agree that the condition restricting his internet access is not narrowly tailored to a significant governmental purpose and, thus, violates Kuykendall's freedom of speech.

I. Failing to attend substance abuse counseling violated a non-technical condition of probation.

Kuykendall argues that his failure to attend substance abuse counseling constituted a failure to follow the instructions of his probation officer and, therefore, the circuit court erred by finding that he violated a non-technical condition of probation. A circuit court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation

_____

[3] Kuykendall also challenges whether his violation of this condition of his prior release is technical or non-technical in nature, arguing that the sex offender conditions were imposed by his probation officer, not the circuit court, and so they should be treated as technical conditions imposed as the instructions of his probation officer. Given our ruling that Kuykendall's substance abuse counseling requirement was a non-technical condition of probation, *see* fn. 2 *supra*, we do not reach this argument. We also do not reach Kuykendall's argument challenging the constitutionality of the previously imposed internet restriction.

period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "[T]he [circuit] court's 'finding of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Cisneros v. Commonwealth*, 82 Va. App. 147, 162 (2024) (en banc) (quoting *Heart v. Commonwealth*, 75 Va. App. 147, 162 (2022)).

Code § 19.2-306(C) states, "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." The statute "contains specific limitations on sentencing that apply when a circuit court bases its revocation of a suspended sentence on" a technical violation. *Shifflett v. Commonwealth*, 81 Va. App. 277, 290 (2024) (en banc) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 75 (2022)). However, Code § 19.2-306.1 does not limit the circuit court's sentencing discretion in the case of "non-technical violations[.]" *Id.* at 291 (quoting *Thomas v. Commonwealth*, 77 Va. App. 613, 622 (2023)).

Code § 19.2-306.1(A)(v) makes it a technical violation for a probationer not to "follow the instructions of the probation officer, be truthful and cooperative, and report as instructed." However, "not every condition *supervised* by a probation officer" converts the order of the court into an instruction of the probation officer. *Shifflett*, 81 Va. App. at 291 (emphasis added). Unless statutorily prohibited, the court "may set the bounds of the condition and delegate to the probation office the duty to set the parameters of th[at] condition[]." *Id.* at 292 (quoting *Fazili v. Commonwealth*, 71 Va. App. 239, 254 (2019)). Probation "officers [can] enforce those terms and conditions and exercise discretion in doing so." *Id.* (quoting *Fazili*, 71 Va. App. at 246). "'[I]f the *circuit court* imposed the condition, the condition is not among those listed in Code § 19.2-306.1(A), and the probation officer merely *supervised* its implementation,' then it is permissible for a court to find a violation of that condition non-technical." *Ellis v. Commonwealth*, 84 Va. App. 531, 545 (2025) (quoting *Terry v. Commonwealth*, 81 Va. App. 241, 249 (2024)).

- 6 -

In *Shifflett*, the sentencing order required a probationer to "enroll in counseling . . . with a licensed sex offender provider/counselor" and "successfully complete any screening, assessment, testing, treatment and/or education *as directed by the probation officer*." *Shifflett*, 81 Va. App. at 285 (emphasis added). The sentencing order specifically required Shifflett to "immediately enroll in counseling after this sentencing date with a licensed sex offender provider/counselor, relating to his sexual conduct and matters associated therewith." *Id.* Through its sentencing order, the circuit court directed Shifflett to "enroll in specific counseling or to complete treatment related to his . . . offense." *Id.* at 295. The fact that the sex offender counseling would be "directed by [his] probation officer" did not make his violation a technical violation under Code § 19.2-306.1 because the court ordered Shifflett to participate in counseling in the first place. *See id.* at 291.

This Court's precedent in *Shifflett* controls the outcome here. Kuykendall's sentencing order included the court's order for him to participate in "substance abuse counseling and/or testing" as prescribed by the probation officer. Probation referred Kuykendall to Mount Rogers for a substance abuse treatment evaluation in accordance with the circuit court's orders, but Kuykendall did not attend or participate. As in *Shifflett*, Kuykendall's obligation to participate in counseling specific to his offense was court-ordered. The probation officer's supervision of Kuykendall's substance abuse counseling "d[id] not convert" this court-ordered condition "into a technical" condition. *Ellis*, 84 Va. App. at 540. Thus, Kuykendall's failure to participate in substance abuse counseling was a non-technical violation, and the circuit court's authority to revoke the unserved portion of his sentence was not limited by Code § 19.2-306.1.

II. Probation conditions restricting internet use violate the First Amendment if they are not narrowly tailored to satisfy a significant government interest.

A. *Probation conditions restricting internet use must pass intermediate scrutiny review.*

"This Court reviews arguments that a defendant's constitutional rights have been violated de novo." *Ginevan v. Commonwealth*, 83 Va. App. 1, 15 (2024). Although a sentencing court has broad discretion in imposing probation conditions, every such condition "[m]ust be reasonable in light of the nature of the offense, the defendant's background, and the surrounding circumstances." *Commonwealth v. Delaune*, 302 Va. 644, 658 (2023) (quoting *Murry v. Commonwealth*, 288 Va. 117, 122 (2014)). A condition implicating constitutional rights must pass a higher bar. Content-neutral restrictions, like the internet use restrictions at issue here, must satisfy "intermediate scrutiny" to withstand a First Amendment challenge. *E.g.*, *Fazili*, 71 Va. App. at 250-51.

"Ideally, the result [of probation] is an opportunity for a defendant to modify his or her future behavior and address any issues that contributed to their criminal actions while simultaneously providing a mechanism for closely monitoring their compliance and restricting any opportunity to re-offend." *Id.* at 250. "[Probation] restrictions are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large." *Id.* (alteration in original) (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 875 (1987)).

The United States Supreme Court's decision in *Packingham v. North Carolina*, 582 U.S. 98 (2017), is the foundational case addressing the need to narrowly tailor internet-use restrictions to serve a significant government interest. All "persons have access to places where they can speak and listen, and then, after reflection, speak and listen once more. The Court has sought to protect the right to speak in this spatial context." *Packingham*, 582 U.S. at 104. "While in the past there may have been difficulty in identifying the most important places (in a spatial sense)

for the exchange of views, today the answer is clear.  It is cyberspace—the 'vast democratic

forums of the Internet' in general, and social media in particular."  *Id.* (citation omitted).  "Even

convicted criminals—and in some instances especially convicted criminals—might receive

legitimate benefits from these means for access to the world of ideas, in particular if they seek to

reform and pursue lawful and rewarding lives."  *Id.* at 108.

Any internet restriction must therefore satisfy "intermediate scrutiny" and "be 'narrowly

tailored to serve a significant government interest.'"  *Id.* at 104 (quoting *McCullen v. Coakley*,

573 U.S. 464, 486 (2014)); *accord Fazili*, 71 Va. App. at 251.  "There can be little doubt that the

Commonwealth has a significant interest in deterring sex crime recidivism and protecting

communities, including children, from potential repeat sex offenders."  *Bailey v. Commonwealth*,

70 Va. App. 634, 641-42 (2019).  "The United States Supreme Court repeatedly has recognized

that the states have such an interest in dealing with sex offenders."  *Id.* at 642.  Even where the

government has a significant interest, however, the government cannot "burden substantially

more speech than necessary" to advance its interest.  *Id.*

> In the First Amendment context, fit matters.  Even when the Court
> is not applying strict scrutiny, we still require a fit that is not
> necessarily perfect, but reasonable; that represents not necessarily
> the single best disposition but one whose scope is in proportion to
> the interest served, that employs not necessarily the least restrictive
> means but a means narrowly tailored to achieve the desired
> objective.

*Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 609 (2021) (quoting *McCutcheon v. Fed.*

*Election Comm'n*, 572 U.S. 185, 218 (2014)).

*Packingham* applies to conditions of probation.  In *Fazili v. Commonwealth*, this Court

applied *Packingham* to reverse a conviction based on a court order that the probationer "have no

use of any device that can access internet unless approved by his Probation Officer."  71

Va. App. at 246.  There, Fazili pleaded guilty to the aggravated sexual battery of a child under

the age of 13. *Id.* at 245. Still, the record contained no evidence "that computers or the internet played any role in Fazili's offense and the circuit court articulated no justification for how imposing this restriction on Fazili's fundamental right to free speech would serve any rehabilitative or public safety purpose." *Id.* at 253. *Packingham* "does not apply to prohibit a circuit court from imposing, as a condition of probation, a *reasonable* ban on internet access provided such ban is narrowly tailored to effectuate either a rehabilitative or public-safety purpose." *Id.* at 251. However, if there is "no evidence connecting the internet to any criminal conduct," then an internet ban is not "reasonably related" to a probationer's offense. *United States v. Morris*, 37 F.4th 971, 977 (4th Cir. 2022) (quoting *United States v. Ellis*, 984 F.3d 1092, 1102-03 (4th Cir. 2021)).[4]

In *Bailey v. Commonwealth*, this Court found that Code § 18.2-472.1, making it a felony for a convicted sex offender to fail to register a social media account, was narrowly tailored to the appellant's underlying offense. This Court contrasted Code § 18.2-472.1's requirements with the total ban in *Packingham* and found the statute constitutional because of the limited effect that the reporting requirement had on the appellant's ability to access the internet. 70 Va. App. at 645 ("[T]he reporting requirements at issue do not in any meaningful way restrict his rights of speech and association. The requirements do not prevent him from speaking or associating; rather, they simply require that he make his online identity and whereabouts known to law enforcement.").

---

[4] We find the decisions of the federal Fourth Circuit Court of Appeals on this issue persuasive. *See McKeithen v. City of Richmond*, 302 Va. 422, 440 n.7 (2023) ("We . . . view the federal precedents as persuasive, but not binding, authority.").

B. *The record does not support finding that Kuykendall's internet restrictions pass intermediate scrutiny.*

We conclude that Kuykendall's internet restrictions are unduly broad under the First Amendment because nothing in the current record suggests the conditions are narrowly tailored to serve a rehabilitative or public safety purpose. Instead, the restrictions here resemble those that this Court struck down in *Fazili*. There, this Court found that the circuit court's condition of Fazili's probation—that he abstain from accessing the internet unless he secured approval— infringed on his First Amendment rights. *Fazili*, 71 Va. App. at 249. Fazili pleaded guilty to one count of aggravated sexual battery of a child under the age of thirteen, stemming from an incident where he was found in bed with his five-year old niece, whom he was babysitting. *Id.* at 246. This Court articulated that "there [was] no evidence on the record before us that computers or the internet played a role in Fazili's offense, and the circuit court articulated no justification for how imposing this restriction . . . would serve any rehabilitative or public safety purpose." *Id.* at 253.

Here, too, nothing in the record reflects that internet use, or even just computer use, was a component of Kuykendall's offense. As in *Fazili*, there is no evidence in the record connecting Kuykendall's offense to a complete ban on using the internet. To the contrary, the record demonstrates that Kuykendall was convicted of aggravated sexual battery stemming from his sexual abuse of a ten-year-old child. Again, similar to *Fazili*, nothing in the record contains additional information on the circumstances of his abuse.

That the probation officer has discretion to ease the total ban and permit some uses of the internet is of no consequence. A probation officer may be delegated the power to supervise a narrowly tailored probation condition respecting access to the internet. *See id.* at 255 ("[A]lthough the circuit court erred in failing to narrowly tailor this condition of probation by providing both a rationale and guidance or parameters to the probation officer, in the abstract, the

- 11 -

circuit court's delegation to the probation officer the authority to supervise Fazili's internet usage was not an improper delegation of power."). But absent evidence in the record to support the necessity of the ban in the first place, the probation officer's unilateral ability to institute such a ban is no less constitutionally suspect than the circuit court or legislature's issuing the same ban through court order or statute. In each case, such a condition must be narrowly tailored to achieve a significant government interest.

Additionally, the circuit court failed to articulate a justification for how the internet restriction would serve any rehabilitative or public safety purpose—nor is there any evidence in the record the court could have silently credited. For example, no evidence was presented to suggest that internet access will necessarily lead to recidivism or that Kuykendall's internet access necessarily poses a risk to the public.

The Commonwealth argues that this Court should consider Kuykendall's post-release conduct, rather than just his underlying offense.[5] The Commonwealth notes that Kuykendall accumulated multiple internet use violations after his release from incarceration and accrued felony sex offense convictions for failing to register his Facebook and Facebook Messenger accounts with the police, violating the Sex Offenders and Crimes Against Minors Registry Act. *See* Code § 9.1-903(B). We agree that, in fashioning probation conditions, the circuit court may consider factors outside the probationer's underlying offense. *See, e.g.*, *Hubbard v. Commonwealth*, 80 Va. App. 484, 399 n.3 (2024) ("Probation conditions must be reasonable in light of the nature of the offense, the defendant's background, and the surrounding circumstances." (quoting *Murry*, 288 Va. at 122)). However, Kuykendall's post-conviction

---

[5] In support of this proposition, the Commonwealth cites *O'Neal v. Commonwealth*, No. 1962-19-3, slip op. at 6, 2021 Va. App. LEXIS 3, at *8-9 (Jan. 12, 2021), an unpublished opinion. *O'Neal* explicitly *did not address* the internet restriction portion of O'Neal's probation conditions on waiver grounds. Here, Kuykendall did not waive his First Amendment argument. *O'Neal* is therefore readily distinguishable and does not inform this case's outcome.

behavior—failing to follow the instructions of his probation officer and the applicable law—does not justify the internet access restrictions at issue. [6]

Accordingly, this Court reverses the circuit court's imposition of a condition of probation that completely bans Kuykendall's internet access unless his probation officer deems some access appropriate. The internet is "vital for a wide range of routine activities in today's world," like "finding and applying for work, obtaining government services, engaging in commerce, communicating with friends and family, and gathering information on just about anything." *Ellis*, 984 F.3d at 1104 (quoting *United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016)). And on this record, Kuykendall's internet restrictions are not "narrowly tailored" to preventing recidivism, protecting the community, or achieving his rehabilitation.

We remand with instructions for the circuit court for new sentencing. On remand, the circuit court is not precluded from taking evidence on what probation conditions may be necessary for Kuykendall's supervision and safety of the public.

CONCLUSION

The Commonwealth has a significant interest in imposing probation conditions meant to rehabilitate probationers and protect the public. However, to satisfy the First Amendment, probation conditions restricting internet use must be narrowly tailored to achieve those goals. Kuykendall's internet restrictions are not. Therefore, this Court finds that the circuit court erred by finding that Kuykendall's internet restrictions comport with the First Amendment. However, Kuykendall violated at least one non-technical condition—to attend court-ordered substance

---

[6] During oral argument, the Commonwealth stated that the only thing in the record was Kuykendall's failure to register his accounts. There was no evidence about what Kuykendall did with his accounts other than fail to register them. And the mere failure to follow the instruction of a probation officer cannot be sufficient evidence to support a total ban on the internet, or such a ban could be imposed following nearly every violation of probation.

abuse counseling—thus the circuit court did not err in imposing more than 14 days of incarceration.

*Affirmed in part, reversed in part and remanded.*