# COURT OF APPEALS OF VIRGINIA

## Record No. 1306-25-4

### HAZEM GARADA
v.
### VIRGINIA BOARD OF MEDICINE

Present: Judges Raphael, Lorish and Frucci

Opinion Issued May 19, 2026[*]

## FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Manuel A. Capsalis, Judge

(Hazem Garada, on briefs), *pro se*.

(Jason S. Miyares,[1] Attorney General; Robert B. Bell, Deputy Attorney General; Allyson K. Tysinger, Senior Assistant Attorney General; M. Brent Saunders, Senior Assistant Attorney General, on brief), for appellee.

## MEMORANDUM OPINION
## PER CURIAM

Hazem Garada, *pro se*, appeals the circuit court's order sustaining the Virginia Board of Medicine's (the Board) demurrer and plea in bar to his complaint. On appeal, Garada argues that the circuit court erred by ruling that the Board did not issue a "case decision" subject to judicial review under the Virginia Administrative Process Act (VAPA). He also challenges the denial of his discovery motion and the rulings that he lacked standing and that sovereign immunity applied. Finding no error in the judgment, we affirm.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

Garada's mother, Laila Garada (Laila), was taken to a hospital in Fairfax County in July 2024. A physician recommended discharging Laila. Garada appealed to hospital administrators and arranged for Laila to stay at the hospital at his own expense. That night Laila "crashed," "became unable to breath[e,] . . . had severe chest pain," and required emergency intervention. A response team resuscitated Laila, her discharge was cancelled, and she was moved to an intensive unit for monitoring. She stayed in the hospital for almost an additional week, during which time she was seen by multiple specialists.

Garada complained to the Board about the physician's treatment of Laila. In January 2025, the Board sent Garada a letter. The Board explained that it was authorized to investigate complaints against its licensees and that its Enforcement Division "conducts [its] investigations." Once an investigation is complete, the Enforcement Division gives the Board "an investigative report," which it reviews "to determine if evidence exists to support a violation of the laws or regulations governing the healing arts." The Board explained that "[i]f the totality of the evidence appears to support a violation at a clear and convincing level, the Board may pursue a resolution of the matter with the practitioner through one of several statutory options." The Board informed Garada that it had reviewed the investigative report about his complaint, and "[b]ased upon the information available for its thorough review, the Board ha[d] determined that it [would] not initiate disciplinary proceedings." Garada appealed to the circuit court under the VAPA.

The Board demurred and filed a plea in bar. It argued that the letter was not a "case decision" subject to judicial review under the VAPA because it did not include a factual determination about the physician's compliance with the law, regulations, or licensure requirements. Rather, it simply "memorialize[d] the Board's decision *not* to initiate disciplinary

proceedings against the physician," and the Board asserted that such proceedings were "a prerequisite to the Board making a finding [of] whether a licensee violated a law or failed to comply with a licensure requirement." The Board also argued that Garada lacked standing and that it was entitled to sovereign immunity.

Garada opposed the Board's positions, arguing that the circuit court had jurisdiction to hear his appeal under the VAPA. He contended that the Board did not afford him due process, the Board's decision was not supported by substantial evidence, and he adequately stated a claim. Garada asserted that the Board's decision was grossly negligent, which was not protected by sovereign immunity, and the Board had the burden to prove otherwise. He argued that he had standing under the VAPA to challenge the Board's decision. Garada also sought discovery while the matter was pending.

After a hearing, the circuit court held that the Board's letter was "not a case decision under Code §§ 2.2-4001[,] . . . -4026." It also ruled that Garada lacked standing because he was not an aggrieved party under Code § 2.2-4026, the complaint failed to state a cause of action, and the Board was entitled to sovereign immunity. The court denied all other pending motions as moot. Garada moved the circuit court to reconsider, arguing that the Board's letter was a case decision because the Board determined that the physician did not violate medical practice standards. The circuit court denied the motion without a hearing. Garada appeals.

ANALYSIS

"Issues of statutory construction are questions of law which we review de novo." *McKee Foods Corp. v. County of Augusta*, 297 Va. 482, 495 (2019). "Under the VAPA, the circuit court reviews the agency's action in a manner 'equivalent to an appellate court's role in an appeal from a trial court.'" *Giannoukos v. Va. Bd. of Med. & Dep't of Health Pros.*, 44 Va. App. 694, 698 (2005) (quoting *J.P. v. Carter*, 24 Va. App. 707, 721 (1997)). "The VAPA, however, does not

vest circuit courts with appellate authority over all agency decisions." *Id.* at 699. "Only those within the definition of a 'case decision' fall within the scope of the VAPA's judicial review provisions." *Id.* (quoting Code § 2.2-4026).

The VAPA defines a "case decision" as

> any agency proceeding or determination that, under laws or regulations at the time, a named party as a matter of past or present fact, or of threatened or contemplated private action, either is, is not, or may or may not be (i) in violation of such law or regulation or (ii) in compliance with any existing requirement for obtaining or retaining a license or other right or benefit.

Code § 2.2-4001. This definition "focuses on the named party's alleged violation of law or entitlement to a legally cognizable right or benefit." *Giannoukos*, 44 Va. App. at 699. "In other words, a case decision represents a determination 'under laws or regulations at the time' that the named party is or may be in violation of 'such laws or regulations' or out of compliance with some requirement for obtaining some right or benefit." *Id.* at 699-700 (quoting Code § 2.2-4001).

On appeal, Garada argues that the term "case decision" includes any determination by an agency, and the Board determined that the physician did not violate medical practice standards. He contends, therefore, that the circuit court erred in holding that the Board did not issue a case decision. We disagree.

Under Code § 54.1-2400.2(G), if the Board concludes that it will not initiate disciplinary proceedings after a complaint, it may inform the complaining individual that the matter was investigated and "concluded without a disciplinary proceeding," explain the process used to make its determination, and, if appropriate, that a letter was sent to the subject of the complaint. That is what the Board did here. It sent Garada a letter informing him that it investigated the complaint, it would not be initiating disciplinary proceedings, and it explained its process in reaching that determination. "At the 'heart' of a case decision 'is a fact determination respecting compliance with law.'" *Giannoukos*, 44 Va. App. at 699 (quoting *Kenley v. Newport News Gen. & Non-Sectarian*

- 4 -

*Hosp. Ass'n*, 227 Va. 39, 44-45 (1984)).  The Board's advisory letter made no determination regarding the physician's compliance with the law, regulations, or licensure requirements.  Code § 2.2-4001.  Accordingly, the circuit court properly concluded that the Board's letter was not a case decision subject to judicial review under the VAPA.  *See Va. Bd. of Med. v. Va. Physical Therapy Ass'n*, 13 Va. App. 458, 468 (1991) (holding that there was no case decision under the VAPA when an informal conference to determine a physical therapist's compliance was never held and no factual findings were made regarding compliance), *aff'd*, 245 Va. 125 (1993); Code §§ 2.2-4001, -4026(A).[3]

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[3] "The doctrine of judicial restraint dictates that generally we decide cases 'on the best and narrowest grounds available.'"  *Thomas v. Commonwealth*, 303 Va. 188, 198 (2024) (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010)).  Given our resolution of Garada's appeal, we do not reach his other arguments.