**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 28th day of August, 2015.

Commonwealth of Virginia,                                          Appellant,

 against      Record No. 141387
             Court of Appeals No. 0562-13-4

Storme Gary Swann, a/k/a
 Henry Gary Simpson, a/k/a
 Gary Simpson,                                                    Appellee.


                                        Upon an appeal from a
                                        judgment rendered by the Court
                                        of Appeals of Virginia.


A jury convicted Storme Gary Swann of abduction, robbery and statutory burglary. The Court of Appeals reversed the convictions based on Swann's claim that his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution were violated. On the Commonwealth's appeal, we affirm the judgment of the Court of Appeals in reversing Swann's convictions, but on narrower, non-constitutional grounds.

## I. RELEVANT FACTS AND PROCEEDINGS

The two female victims in this case were in a hotel room in Arlington County when an unknown man forced his way into their room, tied them up, and robbed them of cash and other personal property. In reviewing hotel surveillance video from the night of the robbery as part of his investigation, Detective Don Fortunato of the Arlington County Police Department observed a man in the video who appeared to match the victims' description of the

individual who robbed them.  When the victims were shown the video, one of them identified the individual on the video as the perpetrator, while the other victim did not believe it was him.

The police department then issued a news release to various regional media outlets that described the robbery, provided still photographs of the man shown in the hotel surveillance video, and asked anyone with information about the robbery or the identity of the suspect to call Detective Fortunato.  Shortly thereafter, Fortunato received an anonymous tip from Crime Solvers identifying Swann as the possible perpetrator of the crime.[1]  There is no indication in the record that the police ever learned the identity of this anonymous caller.

Based on the anonymous tip implicating Swann, along with other information the police collected in its investigation, Swann was arrested and charged with two counts of abduction (Code § 18.2-48), two counts of robbery (Code § 18.2-58), and statutory burglary (Code § 18.2-90).  At a pretrial hearing, the parties stipulated that Fortunato would not testify at Swann's jury trial to the specific content of the anonymous tip implicating Swann, but would state only that he received a tip through Crime Solvers that "point[ed] to" Swann or "indicat[ed]" that Swann was the perpetrator.

---

[1] As Fortunato explained at trial, Crime Solvers is an organization independent from, but has a liaison with, the police department.  Crime Solvers is designed to receive information from the general public regarding criminal activity and forward the information to the police investigator or officer who is requesting it.  Further, Crime Solvers allows individuals who call the organization with information for the police to remain anonymous.

During Fortunato's direct examination at trial, the Commonwealth asked him: "Did you receive information from Crime Solvers?" Fortunato answered "[y]es." The Commonwealth then asked Fortunato: "Thereafter, did you investigate someone named Storme Swann?" Fortunato again answered "[y]es." The Commonwealth did not ask Fortunato any further questions about this tip during the remainder of direct examination.

On cross-examination, defense counsel inquired about two other tips Fortunato received during his investigation. Specifically, defense counsel asked: "You got a phone call from someone saying that he read the paper and he thinks the [subject hotel] incident was Fred Harold?" Fortunato acknowledged that he did receive such a tip, but explained how he subsequently determined that this individual was at an area hospital at the time in question. Defense counsel also asked whether Fortunato had "received information about a similar crime in Fairfax" committed by a perpetrator who was still at large when the instant robbery occurred. Fortunato responded affirmatively.

On redirect, the Commonwealth requested a sidebar and argued that defense counsel had "opened the door" to questions regarding the content of the tip implicating Swann. The trial court agreed and permitted Fortunato, over defense counsel's objection, to testify that "[t]he caller had a good deal of information about Mr. Swann." In addition, the court allowed Fortunato to testify that "[t]he caller stated that Mr. Swann told her that he had to lay low because of something that he did at an unknown hotel."

The jury convicted Swann on all charges and the trial court imposed the sentences fixed by the jury. Swann appealed his

3

convictions to the Court of Appeals.  Among other asserted errors, Swann argued the trial court erred by allowing Fortunato, on redirect examination, to testify as to the specific content of the anonymous tip that implicated Swann.  That testimony, Swann contended, was admitted in violation of his Sixth Amendment Confrontation Clause rights.

A three judge panel of the Court of Appeals agreed with Swann and then held that the error was not harmless.  Swann v. Commonwealth, 2014 Va. App. LEXIS 282, at *13-21 (August 19, 2014) (unpublished).  Specifically, applying the constitutional harmless error standard, the Court of Appeals determined there was "'a reasonable possibility that the [erroneous admission of the anonymous tip] might have contributed to [Swann's] conviction[s],'" and thus "conclude[d] that the Commonwealth's violation of [his] Confrontation Clause right was not harmless beyond a reasonable doubt."  Id. at *20 (quoting Lilly v. Commonwealth, 258 Va. 548, 551, 523 S.E.2d 208, 209 (1999)).  The Court of Appeals therefore reversed Swann's convictions and remanded the case for retrial if the Commonwealth be so advised.  The Commonwealth timely appealed this ruling.

## II. ANALYSIS

### A. Non-constitutional Adjudication of Appeal

The doctrine of judicial restraint dictates that we decide cases "'on the best and narrowest grounds available.'"  McGhee v. Commonwealth, 280 Va. 620, 626 n.4, 701 S.E.2d 58, 61 n.4 (2010) (quoting Air Courier Conference v. American Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring)).  A fundamental and longstanding precept of this doctrine is that "unnecessary

4

adjudication of a constitutional issue" should be avoided.  Bell v. Commonwealth, 264 Va. 172, 203, 563 S.E.2d 695, 715 (2002); see Christopher v. Harbury, 536 U.S. 403, 417 (2002) (noting the "obligation of the Judicial Branch to avoid deciding constitutional issues needlessly"); Siler v. Louisville & Nashville R.R. Co., 213 U.S. 175, 193 (1909) (explaining that "[w]here a case in this court can be decided without reference to questions arising under the Federal Constitution, that course is usually pursued").

Accordingly, because we conclude that, under Virginia non-constitutional evidentiary law, Detective Fortunato's disputed testimony on redirect was inadmissible hearsay and the trial court's error in admitting it was not harmless, we need not decide whether admission of the testimony violated Swann's rights under the Sixth Amendment.

### B. Inadmissible Hearsay

In a non-constitutional context, we review a trial court's rulings on whether to admit or exclude evidence under an abuse of discretion standard.  Lawlor v. Commonwealth, 285 Va. 187, 229, 738 S.E.2d 847, 871 (2013); Thomas v. Commonwealth, 279 Va. 131, 168, 688 S.E.2d 220, 240 (2010).  "'Only when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (2005)).  Under this standard, we hold that the trial court abused its discretion in admitting Detective Fortunato's disputed testimony, as it plainly constituted inadmissible hearsay.

The common law definition of hearsay evidence is "testimony in court . . . of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." Jenkins v. Commonwealth, 254 Va. 333, 338, 492 S.E.2d 131, 134 (1997) (citations and internal quotation marks omitted); see also Lawrence v. Commonwealth, 279 Va. 490, 496, 689 S.E.2d 748, 752 (2010) (hearsay "includes testimony given by a witness who relates what others have told him" (citation omitted)); Va. R. Evid. 2:801 (defining hearsay).

Detective Fortunato's disputed redirect testimony was not just hearsay, but "double hearsay," because Fortunato testified as to the content of what the anonymous caller to Crime Solvers claimed Swann had told her – i.e., that "[t]he caller stated that Mr. Swann told her that he had to lay low because of something that he did at an unknown hotel." See Service Steel Erectors Co. v. International Union of Operating Eng'rs, 219 Va. 227, 236, 247 S.E.2d 370, 376 (1978) (upholding exclusion of proffered testimony consisting of "double hearsay"). As this Court has explained, in order for "double hearsay . . . to be admissible, 'both the primary hearsay declaration and each hearsay declaration included within it must conform to a recognized exception to the hearsay rule.'" Riner v. Commonwealth, 268 Va. 296, 324, 601 S.E.2d 555, 571 (2004) (quoting with approval West v. Commonwealth, 12 Va. App. 906, 910, 407 S.E.2d 22, 24 (1991)). See also Va. R. Evid. 2:805 (addressing "[h]earsay within hearsay").

The Commonwealth argues on brief that Fortunato's testimony reciting the content of the anonymous tip implicating Swann was not

6

offered for the truth of the matter asserted.  Rather, the Commonwealth contends, the testimony was appropriately offered merely to explain why Fortunato focused the investigation on Swann.

To be sure, the prosecution may introduce evidence of a tip received by the police for the purpose of showing the reason for the police officers' conduct in pursuing a particular individual as part of a criminal investigation.  That is, such evidence may be offered, within limits, to establish the propriety of the investigation and not for the truth of the tipster's statement. Weeks v. Commonwealth, 248 Va. 460, 477, 450 S.E.2d 379, 390 (1994); Upchurch v. Commonwealth, 220 Va. 408, 410, 258 S.E.2d 506, 507-08 (1979).  When that is the case, the evidence does not violate the hearsay rule.

The Commonwealth, however, is not in a position to advance this argument on appeal, which its counsel tacitly acknowledged to this Court during oral argument, in light of the prosecution's closing argument in this case.  During closing argument, counsel for the Commonwealth argued to the jury: "Finally, and most importantly, we have two other pieces of evidence.  First, Detective Fortunato told you that the tip he received said that the defendant had to lay low because of something that he did at an unknown hotel.  That's a statement of the defendant.  You can consider that and you should consider that."  This argument belies the Commonwealth's contention on brief that the tip was not offered for its truth, as the prosecution told the jury that Swann, in fact, made this incriminating statement and then indicated that the jury should consider the statement as evidence of Swann's guilt.

7

Arguing in the alternative, the Commonwealth contends that, even if Fortunato's testimony about the content of the anonymous tip implicating Swann was otherwise inadmissible hearsay, Swann "opened the door" to such testimony by his cross-examination of Fortunato.

Consistent with the above-stated standard of review, "[o]nce a party has 'opened the door' to inquiry into a subject, the permissible scope of examination on the subject by the opposing party is 'a matter for the exercise of discretion by the trial court,' and we will not disturb the court's action on appeal unless it plainly appears that the court abused its discretion." Savino v. Commonwealth, 239 Va. 534, 545, 391 S.E.2d 276, 282 (1990) (quoting Bunch v. Commonwealth, 225 Va. 423, 438, 304 S.E.2d 271, 279-80 (1983)). See Linwood Earl Briley v. Commonwealth, 221 Va. 532, 540, 273 S.E.2d 48, 53 (1980) ("Cross-examination on a part of a transaction enables the opposing party to elicit evidence on redirect examination of the whole transaction at least to the extent that it relates to the same subject." (quoting United States v. Barrentine, 591 F.2d 1069, 1081 (5th Cir. 1979))).

The Commonwealth argues that during the cross-examination of Fortunato the defense "attack[ed] the reliability and diligence of the police investigation" in this case by questioning Fortunato about the tips he received regarding two other potential suspects. This exchange, according to the Commonwealth, opened the door to Fortunato's redirect testimony concerning the tip about Swann, which was "aimed at showing the investigation was not deficient." The Commonwealth thus concludes that the trial court did not abuse

its discretion in permitting the Commonwealth to offer this limited evidence.

The Commonwealth's argument falls short, however, because defense counsel's cross-examination of Fortunato did not open the door as wide as the Commonwealth contends.  During this cross-examination defense counsel asked only limited questions, and Fortunato provided very limited responses, about the tips concerning two other potential suspects – namely, one Fred Harold and some unnamed perpetrator of a similar crime in Fairfax who was still at large when the instant crime occurred.  Fortunato merely explained that he determined that Harold was at an area hospital at the time in question and acknowledged that he had "received information" about the similar crime in Fairfax.  We simply cannot say, under a principled application of Virginia's evidentiary and trial procedure doctrines, that such testimony opened the door to the admission of the double hearsay contained in Fortunato's subsequent recitation of the actual content of the anonymous tip implicating Swann during redirect.  In short, the double hearsay on redirect exceeded the scope of cross-examination.  The trial court thus abused its discretion in admitting this hearsay into evidence over the defense's well-founded objection.

### C. Harmless Error

Finally, we address the issue of harmless error.  In concluding that the trial court's admission of Fortunato's disputed testimony violated Swann's Confrontation Clause rights and reversing his convictions, the Court of Appeals determined that the violation was not harmless error under the applicable constitutional standard.  Here, the Commonwealth limits its

challenge to the Court of Appeals' threshold determination as to the testimony's admissibility.  Nevertheless, Code § 8.01-678 makes "harmless-error review required in all cases."  Ferguson v. Commonwealth, 240 Va. ix, ix, 396 S.E.2d 675, 675 (1990) (emphasis in original); see Walker v. Commonwealth, 144 Va. 648, 652, 131 S.E. 230, 231 (1926) (holding that the harmless error statute "puts a limitation on the powers of this court to reverse the judgment of the trial court — a limitation which we must consider on every application for an appeal and on the hearing of every case submitted to our judgment").[2]

We have thus conducted a harmless error review under the non-constitutional standard, in keeping with our more narrow review of this appeal, and conclude that the erroneous admission of Fortunato's double hearsay testimony was not harmless.  Under this standard, a non-constitutional error in a criminal case is harmless "'[i]f, when all is said and done, . . . the error did not influence the jury, or had but slight effect.'"  Anderson v. Commonwealth, 282 Va. 457, 467, 717 S.E.2d 623, 628 (2011) (quoting Rose v. Commonwealth, 270 Va. 3, 12, 613 S.E.2d 454, 458 (2005)).  However, if we "'cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the

---

[2] See also United States v. Hasting, 461 U.S. 499, 509 (1983) ("[I]t is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless" lest they "retreat from their responsibility, becoming instead impregnable citadels of technicality." (citations, alteration, and internal quotation marks omitted)).

error," then "the conviction cannot stand.'"  Id. (quoting Rose, 270 Va. at 12, 613 S.E.2d at 458-59).

Upon our review of the entire record, we cannot say with fair assurance that the jury was not substantially influenced by the erroneous admission into evidence of the substance of the tip implicating Swann through the testimony of Detective Fortunato - that is, testimony offered for the truth of the anonymous tipster's assertion that Swann said he had to "lay low because of something he did at an unknown hotel."  Indeed, in closing argument, the Commonwealth made clear the importance of the content of the tip by arguing that it was one of the prosecution's "most important[]" pieces of evidence for proving Swann's guilt.  Thus, we are compelled to conclude that the error in admitting this evidence was not harmless.

### III. CONCLUSION

The Court of Appeals decided this case on the basis that the admission into evidence of Detective Fortunato's disputed testimony violated Swann's Sixth Amendment Confrontation Clause rights.  We need not resolve that issue in light of our limited holding that the testimony constituted inadmissible hearsay and its admission was not harmless under non-constitutional principles.  Thus, we vacate that portion of the judgment of the Court of Appeals holding that Swann's constitutional rights were violated.  Further, based on our limited holding in this case, we affirm that part of the Court of Appeals' judgment reversing Swann's convictions and remanding the case for retrial if the Commonwealth be so advised.

11

This order shall be certified to the Court of Appeals of Virginia and the Circuit Court of Arlington County and shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia L. Harrington, Clerk