COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Ortiz and Senior Judge Annunziata
Argued at Fairfax, Virginia

UNPUBLISHED

GREGORY A. KWIATKOWSKI, ET AL.

MEMORANDUM OPINION[*] BY
v.        Record No. 1292-22-4                    JUDGE DANIEL E. ORTIZ
SEPTEMBER 5, 2023

STATE BOARD FOR COMMUNITY COLLEGES

FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Joanne F. Alper, Judge Designate

Bradley G. Pollack for appellants.

Noelle L. Shaw-Bell, Assistant Attorney General & Associate
System Counsel (Jason S. Miyares, Attorney General; Charles H.
Slemp, III, Chief Deputy Attorney General; Coke M. Stewart,
Deputy Attorney General; Mike F. Melis, Senior Assistant Attorney
General and Section Chief, on brief), for appellee.


Gregory Kwiatkowski and Wade Guinn ("appellants") appeal the Shenandoah County

Circuit Court's dismissal of their petition for appeal of an unlawful "regulation" by the State

Board for Community Colleges ("State Board").  The State Board adopted a resolution and

policy to assist five community colleges with their renaming processes.  Appellants claim that

the State Board's minutes, resolution, and policy were regulations adopted without proper public

notice.  After sustaining the State Board's plea in bar, the trial court dismissed the case due to

sovereign immunity and lack of standing.  Because appellants failed to allege proper standing

and offered no evidence to support standing beyond generalized grievances as members of the

public, we affirm.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

## I.  BACKGROUND

In July 2020, the State Board, which governs the Commonwealth's twenty-three community colleges, adopted a resolution to evaluate the names of its colleges and determine whether they warranted modification.  This resolution stated:

> NOW, THEREFORE BE IT RESOLVED, that the State Board ask the local advisory boards of each of our 23 colleges to review the appropriateness of its college, campus(es), and facilities names, and report back on or before the regularly scheduled March 2021 meeting of the State Board for Community Colleges with facility name changes it has made and recommendations regarding college and campus names that should be changed by the State Board.

In March 2021, the State Board received a report identifying five colleges to be reviewed for a potential name change: Dabney S. Lancaster, John Tyler, Lord Fairfax, Patrick Henry, and Thomas Nelson.  The individual boards of John Tyler, Lord Fairfax, and Thomas Nelson Community Colleges each "recommended that the name of the college be changed."  The boards of Patrick Henry and Dabney S. Lancaster Community Colleges did not recommend changing their names.

In May 2021, the State Board implemented a new policy to assist with the renaming process ("Naming Policy").  It stated:

> The naming of a Virginia community college should reflect the values of inclusive and accessible education articulated in the VCCS mission statement, with special emphasis on diversity, equity, and opportunity, and be relevant to the students it seeks to serve and to the geography of its service region.

The State Board also accepted the individual board recommendations that John Tyler, Lord Fairfax, and Thomas Nelson Community Colleges change their existing names.  At the July 2021 meeting, the State Board approved changing the names of Lord Fairfax, John Tyler, and Thomas Nelson Community Colleges, and it directed Patrick Henry and Dabney S. Lancaster Community Colleges to review their existing names under the State Board's new Naming Policy.

On September 22, 2021, appellants[1] filed a petition for appeal in Shenandoah County Circuit Court, alleging that the State Board had adopted a regulation without proper public notice under the Virginia Register Act and the Virginia Administrative Process Act ("VAPA") and seeking declaratory judgment. Appellants specifically alleged that the State Board's July 2021 minutes—including the July 2020 resolution and May 2021 Naming Policy, contained within those minutes—were the "regulation" at issue. The petition was devoid of any allegations connecting the appellants to any of the colleges at issue. Notably, the petition failed to allege any facts in support of the appellants' standing. The State Board filed a plea in bar, arguing that there was no regulation, that the minutes, resolution, and Naming Policy constituted mere internal management, and that—as a result—sovereign immunity, standing, and Rule 2A barred the appellants' suit.[2] The trial court sustained the plea in bar, finding that the policy "[did] not meet the requirements of a regulation as set forth in the law of Virginia," and dismissed the suit based on sovereign immunity and lack of standing. This appeal followed.

## II. ANALYSIS

Appellants argue that the State Board's July 2021 minutes, July 2020 resolution, and May 2021 Naming Policy constituted an unlawful "regulation." Because appellants failed to allege standing or provide any evidence that would confer standing to sue, we affirm the trial court's judgment.

Standing is a threshold "jurisdictional issue." *Morgan v. Bd. of Supervisors of Hanover Cnty.*, __ Va. __, __ (Feb. 2, 2023). A plaintiff must have "standing to sue" for a case to be justiciable. *Id.* at __ (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)).

---

[1] Appellants were joined by two individuals, William Holtzman and Randall Hamman, in their circuit court petition for appeal. Holtzman and Hamman withdrew their appeals to our Court.

[2] The State Board also filed a demurrer, which was not addressed.

Standing protects constitutional "separation-of-powers principles" and prevents the judiciary from being used as "an open forum for the resolution of political or ideological disputes about the performance of government." *Id.* at __ (quoting *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 438 (2017); *United States v. Richardson*, 418 U.S. 166, 192 (1974) (Powell, J., concurring)). It deals only with "the characteristics of the person or entity who files suit" and has "no relation to the substantive merits of an action." *Id.* at __ (quoting *Anders Larsen Tr. v. Board of Supervisors of Fairfax Cnty.*, 301 Va. 116, 120 (2022); *McClary v. Jenkins*, 299 Va. 216, 221 (2020)). Instead, it "asks only whether the claimant truly has 'a personal stake in the outcome of the controversy.'" *Id.* at __ (quoting *McClary*, 299 Va. at 221-22).

The VAPA contains a statutory standing requirement: "[a]ny person *affected by* and claiming the unlawfulness of any regulation or party *aggrieved by* and claiming unlawfulness of a case decision . . . shall have a right to the direct review thereof by an appropriate and timely court action against the agency or its officers or agents . . . ." Code § 2.2-4026(A) (emphases added).[3] Though broad, this interest must still be non-generalized; generalized grievances do not confer standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571-74 (1992); *see also Owens v. City of Virginia Beach*, No. 1707-17-1, slip op. at 11 (Va. Ct. App. Aug. 7, 2018) ("Absent such a direct, non-generalized interest, a party lacks standing under VAPA.").

A party is "aggrieved" by a VAPA case decision when they have "an immediate, pecuniary and substantial interest in the [case decision], and not a remote or indirect interest." *Reston Hosp. Ctr., LLC v. Remley*, 59 Va. App. 96, 107-08 (2011). "[I]t is not sufficient that the sole interest of the [aggrieved] petitioner is to advance some perceived public right . . . ." *Id.* at 108.

---

[3] The Virginia Register Act does not contain a similar statute conferring standing or allowing suit against a state agency.

This case is simple. Appellants' notice of appeal and petition for appeal failed to allege standing. And appellants have offered no evidence that would confer standing to sue, beyond mere generalizations as members of the public. In their opening brief, appellants state only that their "rights, as part of the public . . . were violated by the State Board." At trial, appellants stated only that: "standing . . . shouldn't be analyzed until we have a regulation" and "[a]ll members of the public are surely aggrieved when a state agency fails to do the statutorily required notice by publication."

Although a "person affected by" an unlawful regulation is broad under the VAPA, it is not all-encompassing. The person must still be affected by the matter in some way. But appellants failed to allege *any* interest in this suit, even as basic as alumni status. As such, the circuit court properly held that it had no jurisdiction to hear the matter.

### III. CONCLUSION

Appellants failed to allege any non-generalized interest in their petition for appeal and thus lacked standing. As a threshold issue, the circuit court properly held that it did not have jurisdiction to hear the case.[4] We affirm.

*Affirmed.*

---

[4] We decline to analyze the issue of sovereign immunity or the merits of the appeal. The doctrine of judicial restraint requires us to "decide cases 'on the best and narrowest grounds available.'" *Commonwealth v. White*, 293 Va. 411, 419 (2017) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)); *see also Spruill v. Garcia*, 298 Va. 120, 127 (2019).