COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Humphreys, Friedman and White
Argued at Christiansburg, Virginia


WAYNE JOSEPH BAKER

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0065-23-3                      JUDGE ROBERT J. HUMPHREYS
                                                    DECEMBER 5, 2023

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                              Robert M.D. Turk, Judge

        Gregory M. Kallen for appellant.

        Ryan Douglas Beehler, Assistant Attorney General (Jason S.
        Miyares, Attorney General, on brief), for appellee.


        After the Circuit Court of Montgomery County denied his requests to substitute counsel,

Wayne Joseph Baker pleaded guilty to possession with the intent to distribute a Schedule II

controlled substance, possessing a firearm while possessing a Schedule II controlled substance,

and possessing or transporting a firearm after having been convicted of a violent felony.  He

argues on appeal that the circuit court inadequately inquired into his reasons for requesting

replacement counsel.

                                        BACKGROUND

        "In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]."  *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  This

standard requires us to "discard the evidence of the accused in conflict with that of the

---

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]." *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

Courtney Roberts represented Baker as court-appointed counsel. In April 2021, Baker moved for new court-appointed counsel. At a hearing on the motion the circuit court asked Baker why he wanted new counsel. Baker responded:

> I mean I just feel like . . . I feel like I need to be represented on these charges and I mean it's just a whole lot of loopholes in these charges and they need to be seen. If she's not going to see them I mean I pretty much feel like I need new counsel to see them.

He admitted that he had spoken with Roberts "plenty of times" and that she was "a good attorney" but apparently asserted that she was not pursuing every angle he wished.[1] The court took the matter under advisement while Roberts argued other motions on Baker's behalf. The court then asked Roberts if she had a conflict with Baker. She answered that if Baker did not trust her, the issues leading to the motion would recur. In response to further questioning by the court, Baker stated that he trusted Roberts and that they could proceed with her as counsel. The court denied Baker's motion for new counsel.[2]

In June 2021, Baker again requested new counsel. The court asked Baker, "[h]ow come?" Baker responded, "[j]ust issues. There's an issue going on between this counsel and myself, I mean it's just not being presented. I mean I just feel like I ain't being represented the way I should." The court asked Roberts if there was a conflict; she answered that there was not. The court denied Baker's motion, explaining that mere discrepancies in legal strategy between

---

[1] Part of Baker's response to the circuit court is labeled "inaudible" in the transcript.

[2] Baker does not appeal this denial of new court-appointed counsel.

- 2 -

Baker and Roberts was insufficient to justify appointing new counsel, particularly given the advanced stage of the case. Baker made no further response.

On July 8, 2021, Baker appeared with Roberts before the circuit court for a plea hearing where Baker pleaded guilty to the charges against him. He informed the court at the plea hearing that he had discussed the charges and their elements with Roberts. Baker affirmed that he had enough time to discuss with Roberts any possible defenses to the charges and that they had discussed "whether [he] should plead not guilty, guilty or nolo contendere." He affirmed that he was entering his pleas of guilty "freely and voluntarily." Asked by the court, "Are you entirely satisfied with the services of Ms. Roberts, your attorney in the matter?" Baker replied, "Yes, sir." Baker also affirmed his understanding that by pleading guilty to the charges he "may be waiving any right to appeal the decisions of [the circuit court]." The circuit court accepted his guilty pleas, after finding he made the pleas "freely, voluntarily and intelligently." We granted Baker this delayed appeal. He argues that the circuit court inadequately inquired at the June 2021 hearing as to the basis of his dissatisfaction with Roberts.

ANALYSIS

"The doctrine of judicial restraint dictates that we decide cases on the best and narrowest grounds available." *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (citation omitted). We have held that a defendant's "guilty plea relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty." *Delp v. Commonwealtlh*, 72 Va. App. 227, 242 (2020) (quoting *Class v. United States*, 583 U.S. 174, 183 (2018)). "The issue of whether a defendant has waived his right of appeal in connection with a plea proceeding 'is a matter of law[,]'" which we review de novo on appeal. *Id.* at 235 (quoting *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010)).

In *Delp v. Commonwealth*, the appellant argued that the circuit court erred by failing to conduct sufficient and specific inquiry into his request for new court-appointed counsel. *Id.* at 234. However, in pleading guilty to the charges against him, Delp participated in a colloquy with the court in which he acknowledged "that he understood his plea waived at least some appellate rights." *Id.* at 241. The circuit court found that Delp entered his pleas and waiver of rights "knowingly, voluntarily, and intelligently," and he did not contest those findings on appeal. *Id.* Delp also affirmed that he was "satisfied with the assistance of [his] attorney[.]" *Id.* at 242 (alterations in original). This Court found that even under the United States Supreme Court's decision in *Class*, which "imposed a more forgiving standard regarding guilty pleas as appeal waivers" than Virginia's jurisprudence, Delp's guilty pleas waived the issue he presented on appeal. *Id.* at 240.

As in *Delp*, here Baker entered his pleas freely, voluntarily, and intelligently, and he does not contest this on appeal. He also affirmed his satisfaction with his court-appointed counsel at the plea colloquy, and he acknowledged waiver of his rights to appeal the decisions of the circuit court. Baker's current complaint that the circuit court did not sufficiently inquire as to the basis of his motion for new court-appointed counsel is contradicted by his later admissions to the contrary made upon entry of his voluntary pleas of guilty and are thus waived. *Id.* at 242. For this reason, we affirm the judgment of the circuit court.

*Affirmed.*