PRESENT: Goodwyn, C.J., Powell, Kelsey, McCullough, Chafin, and Russell, JJ., and Mims, S.J.

JANE DOE

v. Record No. 240794

OPINION BY
JUSTICE CLEO E. POWELL
NOVEMBER 26, 2025

JOSEPH ROBERT GREEN, JR.

FROM THE COURT OF APPEALS OF VIRGINIA

Jane Doe ("Doe") appeals the judgment of the Court of Appeals affirming the decision of the Circuit Court of Fairfax County sustaining a plea in bar based on the statute of limitations.

I. BACKGROUND

On September 17, 2021, Doe filed a complaint against Joseph Robert Green, Jr. ("Green") alleging claims of assault, battery, and intentional infliction of emotional distress.[1] Doe's claims arise from a sexual relationship between Doe and Green that began in June 2005. At that time, Doe was only 14 years old; Green was 33 years old.

In her complaint, Doe alleged that Green regularly emphasized the importance of keeping their sexual relationship a secret. She asserted that she was "constantly worried about getting in trouble, her lack of control over the relationship, and her parents' reaction, if the [sexual relationship] was discovered."[2] She also stated that Green would "occasionally pick up [Doe] from school and attend her soccer games from afar, contributing to her anxiety about the inappropriate nature of the [sexual relationship]."

---

[1] After Green demurred, Doe amended her complaint to state claims of negligence per se, battery, and intentional infliction of emotional distress.

[2] Throughout her complaint, Doe referred to her sexual relationship with Green as "Sexual Abuse." As the question of whether the relationship qualified as "sexual abuse" is at issue in this case, we will refer to the parties' relationship as a "sexual relationship" to avoid any potential confusion.

According to Doe, she ended the relationship with Green in September of 2006, by running away to New York. Approximately two months later, she returned to Virginia. Doe claimed that she became "increasingly angry at her parents for not protecting her from [Green]."

In 2009, after she turned 18, Green reconnected with Doe via Facebook. Doe then contacted the police and informed them about her previous sexual relationship with Green. He was subsequently charged with carnal knowledge of a child between 13 and 15 years of age under Code § 18.2-63. At trial, Green admitted that he had a sexual relationship with Doe, but claimed it did not begin until May 2006, when Doe was 15 years old. Green was subsequently acquitted of the charges.

Doe further alleged in her complaint that she continued to suffer mentally and psychologically for several years as a result of the relationship with Green. Specifically, she claimed that she "suffered from anxiety, nightmares, flashbacks, and problems with sleep and concentration." She further claimed that she had "been unable to form meaningful relationships with people, especially romantic relationships," and she is unable to "enjoy engaging in sexual intercourse as an adult." Doe eventually sought treatment with a licensed clinical psychologist who, in 2021, diagnosed her with Post-Traumatic Stress Disorder ("PTSD") as a result of her sexual relationship with Green.

In response to the complaint, Green filed a plea in bar asserting that Doe's claim was time barred because the statute of limitations on her claims began to run in December 2008, when Doe turned 18, and expired two years later in December 2010. According to Green, the statute of limitations for Doe's claim was governed by the version of Code § 8.01-249(6) that was in effect in 2005 (the "2005 Accrual Statute"), when the sexual relationship occurred.[3] He

_____

[3] The 2005 Accrual Statute states:

2

noted that the 2005 Accrual Statute did not toll the statute of limitations for injuries resulting from sexual abuse when the victim knew of the "fact of injury or its casual connection to the sexual abuse" before reaching the age of majority. 2005 Va. Acts ch. 213. Green acknowledged that the most recent version of Code § 8.01-249(6) (the "2021 Accrual Statute")[4] did not contain any language indicating that the victim's knowledge of the injury and its causal connection to sexual abuse would not toll the running of the statute of limitations, but he argued that the 2021 Accrual Statute did not apply retroactively to reach causes of action that arose before it was enacted. Green further asserted that, even if the 2021 Accrual Statute applied, Doe's complaint

> In actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incapacity of the person, upon removal of the disability of infancy or incapacity as provided in Section 8.01-229 or, *if the fact of the injury and its causal connection to the sexual abuse is not then known*, when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist. As used in this subdivision, "sexual abuse" means sexual abuse as defined in subdivision 6 of Section 18.2-67.10 and acts constituting rape, sodomy, object sexual penetration or sexual battery as defined in Article 7 (Section 18.2-61 et seq.) of Chapter 4 of Title 18.2.

2005 Va. Acts ch. 213 (emphasis added).

> [4] The 2021 Accrual Statute states:
> In actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incapacity of the person, upon the later of the removal of the disability of infancy or incapacity as provided in § 8.01-229 or when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist. As used in this subdivision, "sexual abuse" means sexual abuse as defined in subdivision 6 of §18.2-67.10 and acts constituting rape, sodomy, object sexual penetration or sexual battery as defined in Article 7 (§ 18.2-61 et seq.) of Chapter 4 of Title 18.2.

Code § 18.2-249(6).

did not establish that she met the definition of a "complaining witness," a necessary requirement for a finding of sexual abuse, or that their sexual relationship amounted to "sexual abuse" as defined by Code § 18.2-67.10.

Doe responded that she filed her complaint within two years of the date that her injury and its causal connection to the sexual relationship was first communicated to her by a medical professional and, therefore, it was timely. She further insisted that the 2021 Accrual Statute applied because a 1995 amendment to Article IV, § 14 of the Constitution of Virginia allowed for "the retroactive application of the statute of limitations in sex abuse cases." Even if the 2005 Accrual Statute applied, Doe insisted that she did not know that she suffered from PTSD or that it was causally connected to the sexual relationship until her condition was diagnosed by her psychologist.

The circuit court granted Green's plea in bar and dismissed Doe's complaint with prejudice. In a letter opinion, the circuit court determined that the 2005 Accrual Statute applied to the present case. The circuit court explained that there was no legislative intent to make either the 2021 Accrual Statute or Code § 8.01-243, which extends that statute of limitations for claims involving injuries resulting from sexual abuse to 20 years, retroactive. Further, without making an express finding as to when Doe knew of the injury and its causal connection to the alleged sexual abuse, the circuit court ruled that the statute of limitations period began to run in December 2008, when Doe turned 18 and expired in December 2010, when she turned 20.

Doe appealed to the Court of Appeals. In her opening brief in the Court of Appeals, Doe argued that the circuit court erred in ruling that there was no legislative intent to apply the 2021 Accrual Statute retroactively. She insisted that, because the General Assembly included language indicating that a 1991 amendment to Code § 8.01-249 was retroactive, all subsequent

4

amendments to that statute were also retroactive. She further claimed that the 1995 amendment to Article IV, § 14 of the Constitution of Virginia indicated that the General Assembly intended all amendments to Code § 8.01-249 to be retroactive. Doe also took issue with the circuit court's determination that the statute of limitations began to run when she turned 18 without making a finding that she knew of her injury or its causal connection to the alleged sexual abuse.

In his brief in opposition, Green again asserted that Code § 8.01-249(6) is inapplicable because Doe's pleadings fail to establish that her injuries are the result of "sexual abuse" as defined under Code § 18.2-67.10(6) or that she is a "complaining witness" as defined under Code § 18.2-67.10(1). He also argued that the circuit court correctly applied the 2005 Accrual Statute because, in the absence of any language indicating that a subsequent version of Code § 8.01-249 applied retroactively, the version of the statute in effect at the time she reached the age of majority was applicable.[5] Green further noted that, in her complaint, Doe "alluded to the fact that her knowledge of the activity was ongoing and continuous starting at the age of fourteen and continuing through adulthood."

In her reply brief, Doe raised an entirely new argument. She argued that Code § 8.01-1 operates to automatically provide for the retroactive application of new procedural statutes, including accrual statutes. As a result, Doe insisted that the 2021 Accrual Statute applied and, therefore, the statute of limitations did not begin to run until she was diagnosed with PTSD.

In a published opinion, the Court of Appeals affirmed the decision of the circuit court. *Doe v. Green*, 81 Va. App. 556 (2024). The Court of Appeals noted that the 2021 Accrual

---

[5] Green also pointed out that the version of Code § 8.01-243 that Doe seeks to apply did not contain any language indicating that the General Assembly intended for it to apply retroactively, and it was enacted several months after the two-year statute of limitations had already run.

Statute does not contain any "explicit language conveying an intent to apply the code section retroactively," "does not contain any express declaration that the amendment is to apply retroactively to causes of action arising before enactment or any other specified date," and does not include "any statutory language 'explicitly and unequivocally' creating retroactive effect." *Id.* at 568. The Court of Appeals further relied on the fact that the 2021 Accrual Statute contained "language showing a legislative intent to be applied prospectively." *Id.* Notably absent from the Court of Appeals' analysis was any mention of Code § 8.01-1.

The Court of Appeals also determined that the circuit court correctly ruled that the statute of limitations began to run when Doe turned 18. Looking to Doe's complaint, the Court of Appeals pointed out that she affirmatively alleged several symptoms of psychological injuries that had manifested before she turned 18, such as her constant worry about her parents discovering the relationship and the anxiety she felt about the inappropriate nature of the relationship. According to the Court of Appeals, the fact that she was able to relate these injuries to the sexual relationship with Green established an awareness of the requisite causal connection.

Doe appeals.

## II. ANALYSIS

On appeal, Doe argues that the Court of Appeals erred in affirming the decision of the circuit court. Specifically, she contends that the Court of Appeals failed to consider the General Assembly's intention to apply the 2021 Accrual Statute retroactively. She further claims that, even if the Court of Appeals was correct with regard to the retroactive application of the 2021 Accrual Statute, it erred in its determination that she was aware of her injuries and their causal connection to the alleged sexual abuse before she reached the age of majority. For the reasons that follow, we disagree.

6

A.  Retroactive Application of Code § 8.01-249(6)

Doe initially argues that the Court of Appeals erred in ruling that the 2021 Accrual Statute does not apply retroactively.  According to Doe, the Court of Appeals incorrectly focused on the absence of language within the 2021 Accrual Statute expressing a clear legislative intent to apply the statute retroactively.  Doe contends that such language is unnecessary because there is clear legislative guidance that the General Assembly intended for retroactive application of the statute.

Whether a statute can be applied retroactively is a pure question of law that we review de novo.  *Hannah v. Commonwealth*, 303 Va. 106, 121 (2024).

> "The general rule is that statutes are to be construed to operate prospectively only unless a contrary intention is manifest and plain." *Town of Culpeper v. Virginia Elec. & Power Co.*, 215 Va. 189, 194 (1974).  "Absent an express manifestation of intent by the legislature, this Court will not infer the intent that a statute is to be applied retroactively." *City of Charlottesville v. Payne*, 299 Va. 515, 528-29 (2021).  Buttressing this principle of statutory interpretation, Code § 1-238 instructs that when statutes or provisions are "reenacted," the changes are "effective prospectively unless the bill expressly provides that such changes are effective retroactively on a specified date."

*Id.*

Before this Court, Doe acknowledges that the 2021 Accrual Statute does not contain language indicating that the General Assembly intended for its retroactive application.  She relies instead on Code § 8.01-1,[6] which expressly provides for the retroactive application of accrual

---

[6] Code § 8.01-1 states:
> Except as may be otherwise provided in § 8.01-256 of Chapter 4 (§ 8.01-228 et seq.) (Limitations of Actions), all provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; provided, however, that the applicable law in effect on the day before the effective date of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the substantive

statutes. We note, however, that Doe never mentioned Code § 8.01-1, or any other statutory

basis for retroactive application of an accrual statute, in the circuit court. Further, in the Court of

Appeals, Doe did not raise Code § 8.01-1 until her Reply Brief.[7]

In *Palmer v. Atlantic Coast Pipeline, LLC*, 293 Va. 573, 580 (2017), this Court held that

an appellant's failure to raise a specific argument in her opening brief results in waiver of that

argument. The decision in *Palmer* was based on the Court's application of Rule 5:27(d), which

states that "[t]he opening brief of the appellant . . . must contain . . . [t]he standard of review, the

argument, and the authorities relating to each assignment of error."[8] "The failure to comply with

this rule 'results in waiver of the arguments the party failed to make.'" *Palmer*, 293 Va. at 580

(quoting *John Crane, Inc. v. Hardick*, 283 Va. 358, 376 (2012)).

Although Doe seeks to distinguish *Palmer* from the present case, her argument is

unavailing. According to Doe, she has always argued that the 2021 Accrual Statute applies

retroactively, and her reliance on Code § 8.01-1 is merely a new point of law supporting that

argument. Code § 8.01-1, however, actually provides an entirely new basis for the retroactive

application of the 2021 Accrual Statute, a basis which had not previously been disclosed by Doe.

This is precisely the situation the Court addressed in *Palmer*, where the appellant, in her reply

brief, offered a previously undisclosed basis that supported her primary argument. 293 Va. at

---

rights of a party (as distinguished from the procedural aspects of
the remedy) or (ii) may cause the miscarriage of justice.

[7] Doe acknowledged in her Reply Brief to this Court that "she did not fully understand the applicability of Code § 8.01-1 prior to responding to the arguments in Green's Court of Appeals Brief of Appellee."

[8] Rule 5A:20(e), which dictates the contents of an opening brief filed in the Court of Appeals, is functionally analogous to Rule 5:27(d). Like Rule 5:27(d), Rule 5A:20(e) requires that opening briefs filed in the Court of Appeals contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

580.[9]  Accordingly, as in *Palmer*, Doe's failure to timely raise any argument related to Code

§ 8.01-1 in either the circuit court or her opening brief in the Court of Appeals renders this

argument waived.[10]

Doe's remaining argument is that the 1995 amendment to Article IV, § 14 of the

Constitution of Virginia[11] established that accrual statutes pertaining to sexual abuse were

automatically retroactive.  Again, we must disagree.

"It has long been the law of the Commonwealth that retroactive application of statutes is

disfavored and that 'statutes are to be construed to operate prospectively only unless a contrary

intention is manifest and plain.'" *City of Charlottesville v. Payne*, 299 Va. 515, 528 (2021)

(quoting *Town of Culpeper v. Virginia Elec. & Power Co.*, 215 Va. 189, 194 (1974)).  In other

words, the statutory language must explicitly and unequivocally demonstrate that the General

---

[9] *See also Palmer v. R. A. Yancey Lumber Corp.*, 294 Va. 140, 158 n.13 (2017) (holding that reframing an argument on appeal such that it is significantly different from how the argument was originally presented in the trial court amounts to waiver under Rule 5:25).

[10] Having determined that Doe waived her argument with regard to Code § 8.01-1, the Court takes no position on whether the statute permits the retroactive application of accrual statutes.

[11] The 1995 amendment added the following paragraph to Article IV, § 14 of the Constitution of Virginia:

> The General Assembly's power to define the accrual date for a civil action based on an intentional tort committed by a natural person against a person who, at the time of the intentional tort, was a minor shall include the power to provide for the retroactive application of a change in the accrual date.  No natural person shall have a constitutionally protected property right to bar a cause of action based on intentional torts as described herein on the ground that a change in the accrual date for the action has been applied retroactively or that a statute of limitations or statute of repose has expired.

9

Assembly intended retroactive application. We apply the same standard when interpreting constitutional amendments.

Viewed in this light, it is readily apparent that the 1995 amendment to Article IV, § 14 of the Constitution of Virginia does not require that accrual statutes pertaining to sexual abuse be given retroactive application. To the contrary, by its plain language the 1995 amendment merely grants the General Assembly "the power to provide for the retroactive application of a change in the accrual date." *Id.*; *see also Kopalchick v. Catholic Diocese of Richmond*, 274 Va. 332, 338 (2007) (explaining that the 1995 amendment "empower[s] the General Assembly to make a retroactive change in the accrual date of the right of action for childhood sexual abuse"). Nothing in the 1995 amendment can be interpreted as requiring the retroactive application of accrual statutes pertaining to sexual abuse. Accordingly, Doe's reliance on the 1995 amendment is misplaced.[12]

## B. Injury and Causal Connection

Doe further argues that, regardless of whether the 2005 Accrual Statute applies, the Court of Appeals erred in determining that the record established that she knew of her injury and its causal connection to the alleged sexual abuse by the time she reached the age of majority. Whether the Court of Appeals erred in affirming the plea in bar is subject to a de novo review by this Court. *Van Dam v. Gay*, 280 Va. 457, 460 (2010) ("Appeal of a decision on a plea in bar of

---

[12] We express no opinion regarding Green's argument that Doe failed to prove that she suffered "sexual abuse" or that she was a "complaining witness" as those terms are defined under Code § 18.2-67.10(1) and (6). As this Court has repeatedly explained, "[t]he doctrine of judicial restraint dictates that we decide cases on the best and narrowest grounds available." *Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (quotations omitted). Having already determined that Doe has waived or abandoned all of her arguments related to the application of the 2021 Accrual Statute, it is therefore unnecessary for us to address Green's argument that the statute could never apply to him under the facts of this case.

the statute of limitations involves a question of law that we review de novo."). Where "no evidence was presented on the plea in bar, we are limited to the facts set forth in the complaint and the defendant has the burden of proof on the issue that the limitation period had run when the complaint was filed." *Id.*

Under the 2005 Accrual Statute, a cause of action for injuries suffered as a result of sexual abuse accrues "upon removal of the disability of infancy or incapacity as provided in Section 8.01-229 or, if the fact of the injury and its causal connection to the sexual abuse is not then known, when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist." 2005 Va. ch. 213. In other words, if, as a minor, Doe was aware that she suffered an injury and that it was caused by her improper relationship with Green, the statute of limitations would begin to run when she turned 18. Further, an "injury" in this context is defined as a "positive, physical or mental hurt." *Locke v. Johns-Manville Corp.*, 221 Va. 951, 957 (1981). "[T]he injury need only be slight; it is immaterial that more substantial damage may occur at a later date." *McHenry v. Adams*, 248 Va. 238, 243 (1994).

In her complaint, Doe alleged, among other things, that she "constantly worried about getting in trouble, her lack of control over the relationship, and her parents' reaction if the [sexual relationship] was discovered." She also claimed that Green picking her up from school and attending her soccer games, "contributed to her anxiety about the inappropriate nature of the [sexual relationship]." Additionally, she affirmatively stated that she "became increasingly angry at her parents for not protecting her from Mr. Green." These statements indicate that,

while she was still a minor, Doe was consciously aware that her relationship with Green had a deleterious effect on her mental health because she knew it was improper.[13]

Doe, however, contends that the Court should look beyond the language of her complaint and consider the fact that it was "written from the perspective of an adult woman who, after psychotherapy, has insight into the root cause of her emotional problems." In taking this position, Doe essentially argues that it would be error to rely on the plain language of her complaint. Such an approach is simply untenable.

> The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. It is the *sine qua non* of every judgment or decree. No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. Pleadings are as essential as proof, the one being unavailing without the other. A decree cannot be entered in the absence of pleadings upon which to found the same, and if so entered it is void. Every litigant is entitled to be told by his adversary in plain and explicit language what is his ground of complaint or defense. The issues in a case are made by the pleadings, and not by the testimony of witnesses or other evidence.

*Potts v. Mathieson Alkali Works*, 165 Va. 196, 207 (1935) (internal quotations and citations omitted).

The factual allegations contained in Doe's complaint were entirely controlled by her. If she meant to allege something other than what she stated, the fault can only lie with her. We look only to the "plain and explicit language" of Doe's complaint, not the facts and circumstances surrounding her choice of words. As previously noted, the "plain and explicit language" of Doe's complaint establishes that, while her relationship with Green was ongoing,

---

[13] The fact that Doe contacted police in 2009 to report her previous sexual relationship with Greene further demonstrates that she was aware that the relationship was improper more than 10 years before she filed the present lawsuit.

12

she was aware that it was improper and had a negative effect upon her mental well-being. Accordingly, the Court of Appeals did not err in determining that Doe knew of her injury and its causal connection to the alleged sexual abuse before she reached the age of majority. Therefore, Doe's complaint in the present case was properly dismissed as time barred.

## III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the Court of Appeals.

*Affirmed.*