COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Chaney and Callins

CHESTER BROWN

                                                     MEMORANDUM OPINION[*]

v.      Record No. 1595-24-4                         PER CURIAM
                                                       DECEMBER 30, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
William W. Sharp, Judge Designate

(Jason E. Ransom; Ransom/Silvester, PLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Allison M. Mentch, Assistant
Attorney General, on brief), for appellee.


      A jury convicted Chester Brown (appellant) of grand larceny of a firearm and possession

of a firearm while subject to a protective order.[1] Appellant argues that the circuit court erred

in denying his motion for a change of venue because of the extensive pre-trial publicity, thus

denying him a fair trial with an impartial fact finder. He also contends that the court erred in

denying his pre-trial motion to preclude the Commonwealth from commenting that he was a

suspect in the victim's homicide. Finally, appellant challenges the sufficiency of the

evidence to convict. Finding no error, we affirm.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] In a separate hearing, appellant pleaded guilty to possession of a firearm by a convicted
felon.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that
oral argument is unnecessary because "the appeal is wholly without merit." *See* Code
§ 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). "[W]e regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022).

Doris Critzer's body was found inside her home on August 23, 2023. She had sustained multiple lacerations and stab wounds, but there was no evidence of gunshot wounds. At the time of appellant's trial, no one had been charged with her murder. During the murder investigation, Rappahannock County Sheriff's Captain James Jones determined that a Smith & Wesson, Model 64, .38 caliber revolver was missing from Critzer's home.[3] Videotape from a nearby business showed appellant, known to Critzer and her family, riding his bicycle toward Critzer's home on August 21, 2023, at 3:30 p.m., then riding toward his home at 5:32 p.m. During an interview with Captain Jones, appellant told him about his "off and on romantic relationship" and work relationship with Critzer and his visits to her home. He acknowledged visiting her on August 20, 21, 22, and 23, 2023.

During the investigation, Lieutenant Cody Dodson executed a search warrant for appellant's home and retrieved a cell phone. Data extracted from the phone included a photograph of a Smith & Wesson, Model 64, .38 caliber revolver. Dodson noticed bedroom furniture from appellant's residence in the background. In a subsequent interview, appellant said, "I lifted the gun. I lifted it when she went to the bathroom. I took the gun from the drawer [of the bedside table], left side," but added, "I didn't kill her." Appellant admitted that he put the

_____

[3] The firearm was readily identifiable because it had been modified by removing the hammer spur and adding aftermarket Pachmyer grips.

gun in his bag and carried it home, took a photograph of it, and repeated that he "lift[ed] the gun, but [he] did not hurt her." Officers determined that appellant was subject to a 2021 protective order from a neighboring jurisdiction, which prohibited him from possessing a gun.

Appellant was charged with grand larceny of a firearm and possession of a firearm while subject to a protective order. Before trial, he moved to preclude the Commonwealth from mentioning Critzer's death to the jury, arguing that her death was irrelevant, confusing, and highly prejudicial. Appellant withdrew his motion, and the court did not rule on it.

The court declared a mistrial for the first jury trial on February 15, 2024, because there were too few venire members after strikes. Two strikes were attributed to pretrial publicity, and two more for attorney-client conflict. Appellant moved for a change of venue, but the court deferred a ruling on the motion and set a new trial date.

At the retrial, before jury selection, the court proposed asking the potential jurors whether they were aware of an article in the Rappahannock News that mentioned appellant and Critzer. Appellant "agree[d]" with the court's proposal. After an extensive voir dire and strikes for cause, appellant confirmed that he was "satisfied with the composition of the jury panel."

The Commonwealth established that the investigating officers discovered that the firearm was missing during the murder investigation. Critzer had suffered multiple stab wounds, including some "very severe lacerations to her neck area," but there was no evidence of gunshot wounds.

The Commonwealth showed the photographs of the gun found on appellant's phone to Critzer's ex-husband, Bruce, who testified that he had bought the weapon, had added the rubber grips, and had filed off the hammer to make it easier to holster. The gun was operable when he test-fired it. According to Bruce, Critzer would not have given the gun to anyone and although he tried to obtain it after their divorce, "she was not giving that thing up."

After the Commonwealth rested, appellant moved to strike the evidence based on the sufficiency of the evidence and the timing of the investigation. He did not argue any specific deficiency, but merely stated, "[e]ssentially, Judge, what I'm moving is sufficiency of the evidence argument on each charge." The court denied the motion.

Appellant testified that he and Critzer had been in a romantic relationship. He acknowledged that he could not possess a gun because he was a felon, but he knew that Critzer owned one. At trial, appellant asserted that Critzer loaned him the gun on August 21, 2023, so he "could shoot out [of his] window a couple times, maybe scare people away" who were vandalizing his home. He told the police he stole it because they "wanted to hear that [he] stole the gun so [he] went with that," and because Critzer "didn't want her family to know [he] had the gun" and he was "trying to save the embarrassment of her family." Appellant acknowledged multiple felony convictions, including a burglary.

Appellant unsuccessfully "renew[ed] his motion to strike," "stand[ing] on the prior argument." The jury convicted appellant of grand larceny of a firearm and possession of a firearm while subject to a protective order. This appeal follows.

ANALYSIS

I. Appellant waived his venue challenge.

"Change of venue is within the sound discretion of the trial court, and refusal to grant it will not constitute reversible error unless the record affirmatively shows an abuse of discretion." *Brown v. Commonwealth*, 68 Va. App. 746, 776 (2018) (quoting *Stockton v. Commonwealth*, 227 Va. 124, 137 (1984)). Under the abuse of discretion standard, appellate courts "do not substitute our judgment for that of the trial court." *Bista v. Commonwealth*, 303 Va. 354, 370 (2024) (quoting *Kenner v. Commonwealth*, 299 Va. 414, 423 (2021)). Instead, we consider "only whether the record fairly supports the trial court's action." *Id.* (quoting *Kenner*, 299 Va. at 423). "The abuse of

discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (alteration in original) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)).

In reviewing motions to change venue, appellate courts presume "that the defendant can receive a fair trial from the citizens of the jurisdiction where the offense occurred." *Brown*, 68 Va. App. at 777. Here, the court deferred ruling on appellant's motion for a change of venue until the parties tried to seat another jury. At a subsequent hearing, appellant objected to the "ruling at the last hearing on the venue motion," but did not request any specific relief or renew the motion. After voir dire for the second trial, 17 jurors were excused for cause and the court empaneled the jury without objection. Indeed, Brown said he was satisfied with the panel composition.

Thus, "[w]hen a change of venue motion is taken under advisement or continued until the jury is empaneled, it is incumbent on the party seeking a change of venue to . . . bring it to the court's attention." *Juniper v. Commonwealth*, 271 Va. 362, 384 (2006) (quoting *Jackson v. Commonwealth*, 266 Va. 423, 430 (2003)). "Failure to do so implies acquiescence in the jury panel and is tantamount to waiver of the motion for change of venue." *Id.* (quoting *Jackson*, 266 Va. at 431). Appellant failed to state his objection with reasonable certainty at the time of the ruling, and thus did not preserve the issue for appeal. Rule 5A:18. Because appellant acquiesced to the jury panel, we find that he waived this assignment of error.

II. Appellant waived his argument to exclude evidence.

"When reviewing a trial court's decision to admit or exclude evidence, we apply an abuse of discretion standard." *Bista*, 303 Va. at 370. "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* (quoting *Commonwealth v. Swann*, 290 Va. 194, 197 (2015)).

Appellant's motion *in limine* objected to the Commonwealth alluding to Critzer's murder. But he withdrew the motion before the court ruled on it.

Rule 5A:18 provides that, on appeal, we will not consider any rulings of the trial court "unless an objection was stated with reasonable certainty at the time of the ruling." Further, assignments of errors that do not address the rulings of the trial court "are insufficient, [and] the appeal will be dismissed." Rule 5A:20.

Here, appellant withdrew the motion but argues on appeal that the court erred. Because appellant obtained no ruling from the court, there is nothing for us to review. Rule 5A:20; *see also Fisher v. Commonwealth*, 16 Va. App. 447, 454-55 (1993) (refusing to review an assignment of error that was not based on any ruling of the trial court).

III. The evidence was sufficient to convict appellant.

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680).

The question on appeal is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Cappe v. Commonwealth*, 79 Va. App. 387, 398 (2024) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016)), *aff'd*, 304 Va. 86 (2025). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Appellant initially claimed that Critzer loaned him the gun but later admitted that he took the gun from Critzer's bedside table when she went to the bathroom. He admitted putting it into his bag and carrying it home. Officers found a photograph of the gun on appellant's phone, taken in his bedroom. As part of a sentencing agreement, he took the officers to the field where he had discarded the revolver in a plastic bag. Officers found the loaded revolver weeks later close by after the hay was cut in the field. Further, appellant did not object to the Commonwealth's admission of the protective order that was in effect at the time of the theft. Accordingly, credible evidence supports the jury's finding that appellant stole the firearm and possessed it while under a protective order.

## CONCLUSION

For the foregoing reasons, the court's judgment is affirmed.[4]

*Affirmed.*

---

[4] Appellant's motion for leave to file the notice of filing transcripts is dismissed as moot because the trial court has already granted a similar motion (and the Commonwealth did not object to that ruling), and even assuming there was no motion in the trial court, appellee did not establish any "material prejudice" resulting from any potential failure to file the required notice of filing transcripts. *See* Rule 5A:8(b)(4)(i); *M.G. v. Albemarle Cnty. Dep't of Soc. Servs.*, 41 Va. App. 170, 180 (2003).